COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


JAMES LEONARD GIBSON

                                                        OPINION BY
v.        Record No. 1246-06-4          JUDGE JEAN HARRISON CLEMENTS
                                                        AUGUST 28, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    William Shore Robertson, Judge Designate

            Spencer D. Ault for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        James Leonard Gibson (appellant) was convicted in a bench trial of three counts of

failure to pay tax, in violation of Code § 58.1-1815.  On appeal, he contends the trial court erred

in (1) concluding he was subject to conviction under Code § 58.1-1815 despite the fact that he

truthfully accounted for his company's tax obligations and took no affirmative action to evade

the assessment or payment of those obligations, (2) deciding the penalties and interest imposed

for delinquent filings and tax payments constituted "tax" under Code § 58.1-1815, and (3) ruling

it did not have authority to defer findings of guilt.  For the reasons that follow, we affirm the trial

court's judgment and appellant's convictions.

                                I.  BACKGROUND

        Taken from a written statement of facts filed in lieu of a transcript pursuant to Rule 5A:8,

the facts relevant to our disposition of this appeal are not in dispute.

        In 2000, appellant registered his company, Leonard Gibson Excavating, Inc., with the

Virginia Department of Taxation (Department) "for sales and withholding taxes."  Appellant, the

president of the company, was listed as the person responsible for paying those taxes for the company, and he obtained a tax identification number from the Department. Appellant made "significant tax payments" for the company in 2000, 2001, and 2002 and filed "all the required forms." The truthfulness and accuracy of those forms were not disputed. However, in 2002 and 2003, appellant submitted some of the forms without the requisite payment.

Using the forms submitted by appellant, the Department determined that appellant failed to pay $35,314.94 in employer withholding tax for the period November 22, 2002, to May 7, 2003 (count two), and $12,464.04 in employer withholding tax for the period June 11, 2003, to November 24, 2003 (count three). Appellant also failed to pay $278.93 in penalties and interest assessed by the Department for late filings and payments for the period October 16, 2001, to August 22, 2002 (count one), although the underlying tax for that period was ultimately paid.

On January 13, 2004, misdemeanor arrest warrants were issued against appellant, charging him with three counts of failure to pay tax. The general district court convicted him of each count. Appellant appealed the convictions to the circuit court.

A trial *de novo* was conducted in the circuit court on August 13, 2004. Testifying on his own behalf at trial, appellant acknowledged that, while all of the company's "tax obligations were properly reported," some of those obligations went unpaid. After hearing the evidence and argument of counsel, the trial court found the evidence sufficient to support findings of guilt on all three counts but, by order entered August 24, 2004, "deferr[ed] final disposition" for a period of one year.

Appellant maintained good behavior "during the period of his deferred finding[s]." On December 13, 2005, the judge who deferred the findings of guilt ruled that he lacked authority to defer those findings. Accordingly, he entered findings of guilt on the three counts of failure to

pay tax, and subsequently sentenced appellant to twelve months' incarceration on each count, with all but ninety days of the total sentence suspended upon certain conditions.

This appeal followed.

## II. NATURE OF THE OFFENSE

Appellant was convicted, on each of the three counts brought against him, of violating Code § 58.1-1815 by willfully failing to pay his company's tax obligations. Code § 58.1-1815 provides, in pertinent part, as follows:

> Any corporate . . . officer . . . or any other person required to collect, account for and pay over any sales, use or withholding tax, who willfully fails to collect or truthfully account for and pay over such tax, and any such officer or person who willfully evades or attempts to evade any such tax or the payment thereof, shall, in addition to any other penalties provided by law, be guilty of a Class 1 misdemeanor.

On appeal, appellant does not challenge the trial court's findings that he was the individual responsible for paying over his company's tax obligations to the Department under Code § 58.1-1815 and that he willfully failed to pay over some of those obligations as required. Instead, he contends the trial court improperly convicted him of failure to pay tax, in violation of Code § 58.1-1815, because it was uncontradicted that he truthfully accounted for his company's tax obligations and that he took no affirmative steps to willfully evade the assessment or payment of those obligations.[1] He maintains that, pursuant to the plain language of Code

---

[1] Appellant's first question presented reads, "Does the Commonwealth of Virginia maintain debtor prisons for individuals who truthfully account for their tax obligations but fail to pay the amounts due?" Asked at oral argument to explain why we should consider such a question on appeal when no mention of "debtor prisons" was apparently made below, appellant's counsel argued that, although his reference to "debtor prisons" may "have been a colorful colloquialism on [his] part," the first question presented did identify an underlying issue that was addressed and ruled on at trial: whether appellant's admitted failure to pay his company's tax obligations was sufficient, as a matter of law, to sustain his convictions under Code § 58.1-1815, notwithstanding the fact that he truthfully accounted for his company's tax obligations and performed no affirmative action to evade the assessment or payment of those obligations.

§ 58.1-1815, a corporate officer is subject to conviction for failing to pay his company's tax obligations only if he both fails to pay those obligations *and* fails to truthfully account for those obligations. Accordingly, he further maintains, it is not criminal to simply fail to pay a tax obligation; there must be a "willful evasion of a tax obligation." "Absent a showing of willful evasion by failing to file the accountings or willfully providing false information on a filed form, the elements of the statute are not met," appellant asserts. Hence, he argues, his mere willful failure to pay his company's tax obligations, without more, did not amount to a crime under the plain language of the statute and he "should have been acquitted." Thus, appellant concludes, the trial court erred, as a matter of law, in finding him criminally liable under Code § 58.1-1815.

In response, the Commonwealth contends that, because Code § 58.1-1815 requires that appellant both "truthfully account for *and* pay over such tax," appellant's admitted willful failure to pay his company's tax obligations is sufficient, by itself, to constitute a violation of the statute. We agree with the Commonwealth.

Because the issue presented is a question of law involving the interpretation of Code § 58.1-1815, we review the trial court's judgment *de novo*. See <u>Sink v. Commonwealth</u>, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) ("Although the trial court's findings of historical fact are binding on appeal unless plainly wrong, we review the trial court's statutory interpretations and legal conclusions *de novo*.").

In interpreting the meaning of the statutory words in controversy, we are mindful of the long-standing principle that,

> [w]hen we know the object of a statute and are called upon to construe a phrase or a sentence which, standing alone, may be susceptible of different interpretations, we know of no safer rule than to take the statute by its four corners and critically examine it as a whole to ascertain the legislative intent, as manifested by its

---

Although we address the underlying issue presented, we note that counsel's responsibility is to properly state the issues without undue embellishment.

- 4 -

different provisions. If, upon such an examination, an interpretation can be made, consistent with the language used, which will carry into effect the object sought to be accomplished by the statute, that interpretation should be adopted, in preference to one which would be equally consistent with the language used, standing alone, but which would defeat, or tend to defeat, the manifest intent of the legislature.

Harris v. Commonwealth, 142 Va. 620, 625, 128 S.E. 578, 579 (1925). Additionally, "'[a]lthough [ambiguous] penal laws are to be construed strictly [against the Commonwealth], they ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" Williams v. Commonwealth, 43 Va. App. 1, 5, 595 S.E.2d 497, 499 (2004) (second and third alterations in original) (internal quotation marks omitted) (quoting Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990)). Moreover,

[t]he rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed.

Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984).

As relevant to the issue before us, the language of Code § 58.1-1815 clearly manifests the legislature's intent to ensure the proper collection, accounting, and payment of sales, use, and withholding tax by subjecting those responsible for such collection, accounting, and payment to criminal penalties for their failure to properly perform their responsibilities in accordance with the statute. To that end, the statute expressly provides that any such individual who "willfully fails to collect or truthfully account for and pay over any such tax" or who "willfully evades or attempts to evade any such tax or the payment thereof" is subject to a misdemeanor conviction.

Relying on the fact that he truthfully accounted for his company's tax obligations, appellant contends that, because the phrase "truthfully account for and pay over any such tax" is stated in the conjunctive, his mere willful failure to pay some of those obligations to the

- 5 -

Department was not enough to subject him to conviction under Code § 58.1-1815. The willful failure to perform both duties—to account for *and* pay over—must be established to sustain such a conviction, he argues. Conversely, the Commonwealth contends the phrase "truthfully account for and pay over any such tax" is phrased in the conjunctive because it requires the person responsible for collecting, accounting for, and paying over a company's tax obligations to both truthfully account for *and* pay over those obligations. Since the statute explicitly requires the fulfillment of both duties, the Commonwealth argues, the failure to perform either one is sufficient to sustain a conviction.

Although neither party's interpretation of the phrase at issue is inconsistent with the language used, we reject appellant's interpretation as inconsistent with the manifest purpose of the statute. Indeed, if the phrase were given appellant's interpretation, an individual "required to collect, account for and pay over any sales, use or withholding tax" who willfully fails to pay over any such tax could escape criminal liability for that failure by simply truthfully accounting for that tax. Such a result would plainly defeat the manifest intent of the legislature to ensure compliance by such individuals with their obligation to pay the requisite amount of taxes to the Department. Our conclusion that this result was not intended by the legislature is buttressed by the fact that the same phrase in 26 U.S.C. § 7202,[2] one of Code § 58.1-1815's federal counterparts, has been similarly assessed. See United States v. Gilbert, 266 F.3d 1180, 1183-85 (9th Cir. 2001) (holding that, because Congress did not intend a conjunctive reading of the

---

[2] 26 U.S.C. § 7202 provides, in relevant part, as follows:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction shall be fined not more than $ 10,000, or imprisoned not more than five years, or both, together with the costs of prosecution.

phrase "truthfully account for and pay over," a person who truthfully accounts for but does not pay over the required taxes is subject to conviction under 26 U.S.C. § 7202); United States v. Thayer, 201 F.3d 214, 220-21 (3d Cir. 1999) (same); United States v. Evangelista, 122 F.3d 112, 120-22 (2d Cir. 1997) (same).

The interpretation urged by the Commonwealth, on the other hand, is entirely consistent with the statute's manifest purpose. Accordingly, we accept the Commonwealth's interpretation and hold that the willful failure to either "truthfully account for" or "pay over" the required taxes is sufficient to sustain a conviction under Code § 58.1-1815.

Appellant's further argument that the Commonwealth had to prove he took affirmative steps to willfully evade the assessment or payment of his company's tax obligations to sustain his convictions is equally unavailing. Code § 58.1-1815 clearly sets forth two separate subsets of crimes: (1) the willful failure to "collect or truthfully account for and pay over any such tax" and (2) the willful evasion of or attempt to evade "any such tax or the payment thereof." To read the statute otherwise would impermissibly render a material portion of it "useless, repetitious, [and] absurd." Jones, 227 Va. at 180-81, 314 S.E.2d at 64 ("It would be absurd to conclude that the legislature would say the same thing twice in one statutory provision."). In arguing that there had to be a "willful evasion of a tax obligation" to sustain his convictions under Code § 58.1-1815, appellant improperly conflates offenses from these two separate subsets of crimes into a single offense, the conviction of which, he argues, requires proof that he took some affirmative act to evade his company's tax obligation or the payment thereof. However, the only act for which appellant was charged and convicted was willful failure to pay tax, not willful evasion of tax or willful evasion of the payment of tax. Accordingly, "willful evasion of a tax obligation" is not an element of the instant failure-to-pay-tax offenses.

Hence, we conclude the trial court did not err in finding appellant criminally liable under Code § 58.1-1815.

### III. FAILURE TO PAY PENALTIES AND INTEREST

Appellant further contends the trial court erred in ruling his willful failure to pay the penalties and interest assessed by the Department for late filings and payments amounted to a crime under Code § 58.1-1815. In support of that contention, he argues exclusively that such penalties and interest do not constitute "sales, use or withholding tax" within the meaning of Code § 58.1-1815. As the Commonwealth points out, however, nothing in the record shows that appellant raised any objection before the trial court with respect to this claim of error.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998); see also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal [that] was not presented to the trial court."). In other words, "a litigant must object to a ruling of the circuit court if that litigant desires to challenge the ruling on appeal." Commonwealth v. Washington, 263 Va. 298, 304, 559 S.E.2d 636, 639 (2002). The purpose of the rule is to ensure that any perceived error by the trial court is "promptly brought to the attention of the trial court [and opposing party] with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. . . . Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). Hence, we will not "notice error for which there has been no timely objection," unless an exception to Rule 5A:18 applies. Id.

Furthermore, our review on appeal "is limited to the record." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). Where the record

> fails to establish that the issues appealed by [the] appellant were raised in the trial court by an objection with a statement of the reasons therefor[, w]e cannot assume that [the] appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires [the] appellant to present a complete transcript for this Court to consider his or her issues on appeal.

Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc). Thus, the burden is on the appellant to present a sufficient record from which we may determine that he or she preserved the issues presented on appeal.

Here, nothing in the record before us shows that appellant preserved the instant claim of error for appeal. Although the written statement of facts filed by appellant in lieu of a transcript sets out some arguments made by appellant at trial,[3] nothing in that document indicates appellant made any objection or argument to the trial court relating to his contention on appeal that the penalties and interest imposed by the Department do not constitute "tax" under Code § 58.1-1815. Indeed, the record is devoid of anything even remotely suggesting appellant challenged any aspect of his warrant, prosecution, or conviction for count one on that basis.

Moreover, the record does not reveal any reason to apply the "ends of justice" or "good cause" exceptions to Rule 5A:18. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc) ("We will not consider, *sua sponte*, a 'miscarriage of justice'

---

[3] Those arguments, in their entirety, read as follows:

> The Defendant moved to strike the case since there was no showing that there was any willful failure on the part of the Defendant, or any showing that the [D]efendant had not truthfully accounted for the taxes, or willfully evaded or attempted to evade the tax. Defense counsel argued that it was not criminal not to pay the tax, that failure to pay created a civil liability, but not criminal culpability so long as the forms were appropriately filed and the liability properly reported.

argument under Rule 5A:18."); <u>M. Morgan Cherry & Assocs. v. Cherry</u>, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise the issue at trial but did not do so).

We conclude, therefore, that, having failed to preserve this claim of error, appellant is procedurally barred by Rule 5A:18 from raising it for the first time on appeal.

### IV. AUTHORITY TO DEFER FINDINGS OF GUILT

Appellant also contends the trial court erred in concluding it lacked authority to defer the findings of guilt on the three counts of failure to pay tax. We disagree.

It is axiomatic that "'[d]efining crimes and fixing penalties are legislative, not judicial, functions.'" <u>Cook v. Commonwealth</u>, 20 Va. App. 510, 513, 458 S.E.2d 317, 319 (1995) (quoting <u>United States v. Evans</u>, 333 U.S. 483, 486 (1948)). Accordingly, we have held that, "absent an express statutory grant, trial courts may not dismiss criminal charges on grounds other than the legal or factual merits." <u>Holden v. Commonwealth</u>, 26 Va. App. 403, 407, 494 S.E.2d 892, 895 (1998). In other words, the authority of trial courts to dismiss criminal charges on grounds other than the legal or factual merits stems exclusively from legislative enactment.

The General Assembly, for instance, has expressly allowed trial courts to defer findings of guilt with regard to certain criminal offenses, including assault and battery against a family or household member, <u>see</u> Code § 18.2-57.3, marital rape, <u>see</u> Code § 18.2-61(C), marital forcible sodomy, <u>see</u> Code § 18.2-67.1(C), marital object sexual penetration, <u>see</u> Code § 18.2-67.2(C), possession of controlled substances or marijuana, <u>see</u> Code § 18.2-251, and certain property crimes constituting misdemeanors, <u>see</u> Code §§ 15.2-1812.2(B) and 19.2-303.2. It is clear, therefore, that, when the General Assembly intends to allow the deferral of findings of guilt with

respect to a particular offense, it knows how to grant such authority to the trial courts and, indeed, does so explicitly.

Thus, had the General Assembly intended to grant trial courts the authority to defer findings of guilt in connection with the offense set forth in Code § 58.1-1815, it would have included language to that effect in the Code, and the absence of such language plainly manifests a contrary intent. Cf. Grigg v. Commonwealth, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982) ("When a legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it should not be done another way."). Indeed, to construe Code § 58.1-1815 as allowing the trial court to defer a finding of guilt "would require this Court to add language to the statute the General Assembly has not seen fit to include, an exercise in which the Court is not free to engage." Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003) (construing Code § 18.2-200.1).

Nevertheless, appellant claims that trial courts have the "inherent power" to defer findings of guilt "unless there is express statutory direction otherwise." Consequently, appellant argues, even though Code § 58.1-1815 does not specifically authorize the deferral of a finding of guilt, the trial court had the inherent power to defer the findings of guilt in this case because the statute does not "specifically proscribe the exercise of that power."[4] We find appellant's claim meritless.

---

[4] Appellant further argues that the trial court should have dismissed the three counts of failure to pay tax because he complied with the court's directive to be of good behavior for the one-year deferral period. To hold otherwise, he asserts, would damage "the integrity of the court." Alternatively, he argues, his sentences, at least, should be dismissed because "the trial court had already sentenced [him] by placing him on a one-year unsupervised probation." "To sentence him twice for the same offense," he argues, "is improper." Because these arguments are not encompassed within the scope of the third question presented that was designated for appeal—namely, "[w]hether a circuit court has authority to defer a finding of guilt for a violation of a criminal statute when the statute in question does not specifically confer that authority?"— and were not presented to the trial court, we will not consider them on appeal. See Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004) (holding that we will not consider an

In expressly defining the instances in which trial courts have the authority to defer a finding of guilt, the General Assembly has evinced its intent to grant such authority to trial courts with regard to only certain offenses. To hold as appellant urges—that trial courts have the inherent power to defer findings of guilt—would render the General Assembly's specific granting of such authority meaningless and unnecessary. "We will not construe legislative action in a manner that would ascribe to the General Assembly a futile gesture." Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990); see also Jones, 227 Va. at 181, 314 S.E.2d at 64 ("The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless . . . .").

Because Code § 58.1-1815 contains no language authorizing deferral of a finding of guilt, we hold the trial court lacked authority to defer the findings of guilt in this case.[5] Accordingly, the trial court did not err in so ruling and in entering findings of guilt on the three counts of failure to pay tax.

## V. CONCLUSION

For these reasons, we affirm the trial court's judgment and appellant's convictions.

Affirmed.

---

"argument [that] is not part of the questions presented that were designated for appeal"); Ohree, 26 Va. App. at 308, 494 S.E.2d at 488 ("The Court of Appeals will not consider an argument on appeal [that] was not presented to the trial court.").

[5] Examining a different criminal statute, Judge Humphreys reached a similar conclusion in his concurring opinion in Powell v. Commonwealth, 36 Va. App. 231, 548 S.E.2d 926 (2001) (en banc), wherein he stated as follows:

> Except in those instances where the General Assembly has expressly authorized a trial court to defer a finding of guilt even though the proof has established the guilt of the defendant beyond a reasonable doubt, trial courts may not defer a factual finding of guilt or acquittal or a judgment of guilt or acquittal.

36 Va. App. at 235, 548 S.E.2d at 928 (Humphreys, J., concurring).