Present:  All the Justices

JAMES LEONARD GIBSON

v.  Record No. 072023          OPINION BY JUSTICE DONALD W. LEMONS
                                        JUNE 6, 2008
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether a conviction under Code § 58.1-1815 requires proof of both a failure to truthfully account for and a failure to pay withholding tax.

I.  Facts and Proceedings Below

In 2000, James Leonard Gibson ("Gibson") registered Leonard Gibson Excavating, Inc. ("Gibson Excavating") for sales and withholding taxes with the Virginia Department of Taxation.  Gibson, the president of Gibson Excavating, was the person listed as responsible for the sales and withholding taxes.  Although the required forms were filed, Gibson failed to pay withholding taxes for the periods of October 16, 2001 through August 22, 2002 in the amount of $278.93, November 22, 2002 through May 7, 2003 in the amount of $35,314.94, and June 11, 2003 through November 24, 2003 in the amount of $12,464.06.  The underlying taxes for the period of October 16, 2001 through August 22, 2002 had been paid; however, the remaining amount owed was for penalties and interest incurred.  Gibson testified that the company simply did not have money to pay the obligations.  However, there was also evidence that

Gibson paid himself a salary of $116,592.00 in 2002, yet underpaid the tax obligations by over $22,000.00.

Gibson was charged with three misdemeanor counts of failure to pay tax, in violation of Code § 58.1-1815, for the three periods that withholding taxes were not paid. He was convicted in the General District Court of the County of Stafford and then appealed to the Circuit Court of the County of Stafford. In an order entered August 24, 2004 in the circuit court, the trial court found "the evidence would support a finding of guilty" but "defer[red] final disposition until August 15, 2005." Deferral was further delayed and on December 15, 2005, the trial court entered an order finding Gibson guilty of the charges and continued the case for sentencing. Gibson was sentenced to twelve months in jail for each of the three convictions. The entirety of the twelve-month sentence was suspended for two of the convictions and all but 90 days was suspended on the third conviction.

Gibson appealed to the Court of Appeals of Virginia which affirmed the trial court's judgment and Gibson's convictions. Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214

(2007).  Gibson appeals to this Court on four assignments of error[1]:

1. The trial court erred by finding one guilty of a violation of section 58.1-1815 of the Code of Virginia when the person truthfully accounts for his tax obligation, but is unable to pay the obligation and does not take any steps to avoid the obligation.

2. The Court of Appeals erred by not addressing whether the term "tax" in section 58.1-1815 includes penalties and interest assessed by the taxing authority.

3. The trial court erred by finding that an individual who fails to pay penalties and interest assessed by a taxing authority, although the underlying tax had been paid, is guilty of a violation of section 58.1-1815 of the Code of Virginia.

4. The courts erred by not recognizing the courts [sic] authority to defer findings of guilt absent a specific legislative grant of authority.

II.  Analysis

A. Deferral

The circuit court's August 24, 2004 order stated "that the evidence would support a finding of guilt" but "defers final disposition until August 15, 2005 . . . to which time this case is continued, and the bond is continued."  The order continued the case but did not enter a final disposition. Additionally, the record in this case does not reveal any particular disposition that would be entered after deferral.

---

[1] Gibson did not file transcripts of the proceedings below; rather he proceeds on appeal with a written statement of facts in lieu of a transcript pursuant to Rule 5:11(c).

Gibson's argument that it was understood that the charges would be dismissed at the end of the year is unsupported by the record.

Gibson received the initial deferral of disposition for one year; however, no request for further deferral appears on the record. Although the December 15, 2005 order recites, "counsel for the defendant noted his exceptions to the ruling," nothing appears in the order or in the written statement of facts revealing what, if any, objections Gibson made. After the December 15th order was entered "find[ing] the defendant guilty," no additional request for deferral was made. Additionally, the final sentencing order does not reveal that a request for additional deferral was made. Finally, no objection was made to the sentencing order.

Gibson further alleges that he received a "double sentence," namely a deferred sentence and then an adjudication of guilt with sentences of confinement in jail. Gibson mischaracterizes what happened in the trial court. The initial August 24, 2004 order did not impose a sentence. The record does not reflect any understanding or agreement that the charges would be dismissed at the end of the deferral period.

Finally, Gibson argues that he is entitled to "the suspended imposition of sentence initially ordered" on August

4

24, 2004 pursuant to "the plethora of options available to a trial court to dispense justice" under Code § 19.2-303. However, Code § 19.2-303 is inapplicable to this case because its terms only apply "[a]fter conviction."  Gibson was not convicted on August 24, 2004; rather, he was convicted on December 15, 2005.

Gibson's fourth assignment of error is based upon a faulty premise concerning what actually transpired in the trial court.  On the only occasion that Gibson requested a deferral of disposition to a later date, it was granted by the trial court.  The record reveals no additional requests or motions for deferral.  Consequently, the trial court never denied such a request or motion.  Accordingly, the issue presented in Gibson's fourth assignment of error, namely that the trial court "erred by not recognizing the courts [sic] authority to defer findings of guilt absent a specific legislative grant of authority" is not properly before us because the record reflects no ruling of the trial court to that effect.  We note that although the Court of Appeals addresses this issue in its opinion, the question was not properly before the Court of Appeals for the same reason.[2]

---

[2] See also Moreau v. Fuller, 276 Va. ___, ___ n.5, ___ S.E.2d ___, ___ n.5 (2008) (this day decided) (overruling Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214 (2007)

5

B. Tax Issues

1. Definition of "Tax"

Gibson's second and third assignments of error are based upon arguments that were not made in the trial court. Gibson's argument that the term "tax" as used in Code § 58.1-1815 does not include penalties and interest was not preserved in the statement of facts or in the circuit court's orders and no transcript was filed. There is no indication in the record that Gibson made these arguments to the circuit court. Therefore, Gibson waived these arguments pursuant to Rule 5:25. "The purpose of Rule 5:25 is to afford the trial court the ability to address an issue. If that opportunity is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hospital v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006).

2. Effect of Bankruptcy

Gibson Excavating filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. 11 U.S.C. § 1101 et seq. The proceeding was converted to a Chapter 7 proceeding and it "was during this liquidation process that the withholding tax assessments for the final charge were

to the extent that it is inconsistent with the holding of that case).

6

accumulated."  Gibson argues that he "clearly had no authority or control, and consequently 'willfulness' for the failure for withholding taxes to be paid when a corporation was in the control of a bankruptcy trustee."

This argument is made for the first time before this Court.  The argument was not made at the trial court nor was it made in the Court of Appeals.  Accordingly, we will not consider the argument made for the first time before this Court.  Rule 5:25.

### 3. Scope of Code § 58.1-1815

Code § 58.1-1815 provides, in pertinent part, "Any . . . person required to collect, account for and pay over any sales, use or withholding tax, who willfully fails to collect or truthfully account for and pay over such tax . . . shall . . . be guilty of a Class 1 misdemeanor."

> Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo. When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

Gibson argues that to violate the statute one would have to fail to collect or truthfully account for <u>and</u> fail to pay over the tax. We have not previously addressed the elements of the crime proscribed in Code § 58.1-1815. However, a federal statute is worded in much the same way: "any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall . . . be guilty of a felony." 26 U.S.C § 7202 (2000). The United States Courts of Appeals for the Second Circuit, the Third Circuit, and the Ninth Circuit have interpreted the language of 26 U.S.C. § 7202 in the conjunctive. <u>United States v. Gilbert</u>, 266 F.3d 1180, 1183-84 (9th Cir. 2001); <u>United States v. Thayer</u>, 201 F.3d 214, 220-21 (3rd Cir. 1999); <u>United States v. Evangelista</u>, 122 F.3d 112, 121 (2d Cir. 1997). In order to comply with statutory obligations, a responsible party must account for and pay over a tax, and this requirement is not satisfied unless both obligations have been met. The "plain language of the disputed passage in [26 U.S.C.] § 7202 creates a dual obligation – to 'truthfully account for and pay over' trust fund taxes – that is satisfied only by fulfilling *both* separate requirements. Accordingly, the command of the statute is violated by one 'who willfully fails' *either* to 'account for' *or* to 'pay over' the necessary

8

funds." Evangelista, 122 F.3d at 121. See also Gilbert, 266 F.3d at 1183-84; Thayer, 201 F.3d at 220-21.

Gibson's interpretation of the statute would allow a person to collect the taxes and use them for his own benefit without penalty under Code § 58.1-1815. Such a result cannot be the intent of the General Assembly in enacting this Code provision particularly in light of federal case law to the contrary interpreting identical language. We hold the Court of Appeals did not err in affirming Gibson's convictions.

Affirmed.