COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


MARCUS E. JACKSON, S/K/A
 MARCUS EDWARD JACKSON

                                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1231-08-4              CHIEF JUDGE WALTER S. FELTON, JR.
                                                           JULY 14, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         John E. Kloch, Judge Designate

              Dennis M. Mersberger (Schmergel & Mersberger, PLC, on briefs),
              for appellant.

              Eugene Murphy, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Following his guilty plea, Marcus E. Jackson ("appellant") was convicted of grand

larceny from the person, in violation of Code § 18.2-95. On appeal, he contends the trial court

erred in ruling it had no authority to defer a finding of his guilt. For the following reasons, we

affirm the judgment of the trial court.

       On July 19, 2007, appellant and two other individuals accosted a man as he was walking

home. When appellant demanded the man's duffle bag and money, the man gave him those items.

Appellant was charged with robbery. In return for his assistance in the prosecution of other

individuals involved in the robbery, the Commonwealth amended appellant's charge to grand

larceny from the person. On January 24, 2008, appellant entered into a plea agreement, "plead[ing]

guilty to one count of Grand Larceny from Person." The plea agreement he negotiated provided, in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

part, that his "attorney is free to argue for any disposition he believes is appropriate."[1]  The trial

court accepted appellant's guilty plea and found him "GUILTY of Grand Larceny from Person."  It

memorialized its finding in an order dated January 25, 2008.  The trial court continued appellant's

sentencing hearing to March 13, 2008 for preparation of a pre-sentence report.[2]

At his sentencing hearing on April 24, 2008, appellant again moved for a continuance,

stating that

> the reason for the continuance is there's been a case that was
> accepted . . . and oral argument - - in Virginia on a matter in a case
> Gibson v. Commonwealth.  And it addresses the issue . . . that is
> relevant to [his] case today is whether or not the trial court has the
> authority to withhold a finding of guilt . . . .

He argued that, in Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214 (2007), this Court

held that, absent express statutory authority, a trial court did not possess the authority to defer a

finding of guilt, but that he expected the Supreme Court to overrule that decision.[3]  Even though the

trial court had previously entered its order finding appellant guilty of the offense charged, appellant

requested that "if the Court [is] willing to consider suspending or withholding a finding of guilt,

even just willing to consider that, then [he would] ask the Court to continue the case so that [he]

may have the benefit of arguing for the exact disposition that [he] feel[s] is appropriate in this case."

The trial court denied appellant's motion for a continuance, stating it had "no authority" to defer a

---

[1] The plea agreement did not contain a provision asking the trial court to defer a finding of guilt.

[2] Appellant's sentencing hearing was again continued to April 24, 2008.  The record on appeal does not indicate the reason for this continuance.

[3] The Supreme Court subsequently set aside this Court's decision in Gibson, specifically finding that the issue of whether a trial court possesses the inherent "authority to defer findings of guilt" was "not properly before [the Court of Appeals] because the record reflects no ruling of the trial court to that effect."  Gibson v. Commonwealth, 276 Va. 176, 181, 662 S.E.2d 54, 57 (2008) (internal quotation marks omitted); see also Moreau v. Fuller, 276 Va. 127, 138 n.5, 661 S.E.2d 841, 847 n.5 (2008) (decided the same day).

finding of guilt on his felony charge, and sentenced appellant in accordance with the plea agreement.[4]

Whether to grant a continuance is within the sound discretion of the trial court. Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984). From the record presented, we conclude that the trial court did not abuse its discretion in denying appellant's motion to continue his case.

On January 24, 2008, three months prior to appellant's sentencing hearing, appellant entered a plea of guilty to grand larceny from the person pursuant to a negotiated plea agreement. The trial court determined that appellant knowingly and voluntarily entered the guilty plea, thereby waiving his right to a jury trial and to an appeal. Pursuant to appellant's request that it do so, and with the concurrence of the Commonwealth, the trial court then convicted appellant "of Grand Larceny from Person."[5] Based on this record, we find no abuse of discretion on the part of the trial court in failing to grant a further continuance of the sentencing hearing based on appellant's request that the trial court defer its finding of guilt.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[4] Appellant's negotiated plea agreement provided that the Commonwealth would ask the trial court to sentence appellant to five years incarceration, with the entirety of that sentence suspended, conditioned on his being of good behavior, being placed on three years of supervised probation, and paying $45 restitution to the victim.

[5] Appellant did not ask the trial court to permit him to withdraw his guilty plea pursuant to Code § 19.2-296. Code § 19.2-296 provides that the "[trial] court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea." Such a decision is "a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).