COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Powell
Argued at Alexandria, Virginia


RAFAEL HERNANDEZ
                                                          OPINION BY
v.       Record No. 1892-08-4              JUDGE JAMES W. HALEY, JR.
                                                   NOVEMBER 17, 2009
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Lisa B. Kemler, Judge

             Paul E. Pepper, Deputy Public Defender (Office of the Public
             Defender, on brief), for appellant.

             Eugene Murphy, Senior Assistant Attorney General (William C.
             Mims, Attorney General, on brief), for appellee.


                               I.  INTRODUCTION

       The issue here for resolution may be stated as follows:  Does a trial court have the

inherent authority to dismiss criminal charges on grounds other than the legal or factual merits,

when such a dismissal is not authorized by statute?  We conclude a trial court does not have such

inherent authority.

       However, we do not address the question as to whether a court has the authority, with the

agreement of the Commonwealth and the defendant, to order a dismissal or other disposition of

criminal charges, when such a dismissal or other disposition is not otherwise authorized by

statute.

## II.  BACKGROUND

The relevant facts may be succinctly stated.

Rafael Hernandez was tried by a court upon a charge of feloniously assaulting a police officer, in violation of Code § 18.2-57(C).  A conviction requires the imposition of "a mandatory minimum term of confinement of six months."  The statute makes no provision for any deferred finding of guilt or disposition.

At the conclusion of the evidence, counsel for Hernandez conceded that:  "I know my client has done wrong."  However, relying upon Moreau v. Fuller, 276 Va. 127, 661 S.E.2d 841 (2008), he maintained that the trial court had "the inherent authority . . . to either defer findings or else find guilt and defer sentencing and *ultimately dismiss the case.*"  (Emphasis supplied). [1] Counsel continued:  "So I ask that you suspend disposition of sentence and if he complies say with community service or whatever he has to do and if he's [sic] complied with every condition you may impose on him that you *dismiss the case*."  (Emphasis supplied).

Significantly, the Commonwealth's attorney argued that, under the statute, the trial court did not have such inherent authority and, further, refused to agree to Hernandez's proposed deferral or disposition.

The trial court held it did not have such "inherent authority" in this case, found Hernandez guilty, and sentenced him to eleven months in jail, all suspended except the six months mandatory minimum.

---

[1] The question presented reads:  "Whether the trial court erred in concluding that it lacked the inherent authority to continue appellant's case for future disposition."  As noted at trial, the only future disposition sought was dismissal.  At oral argument, counsel for appellant reiterated that the refined issue before the court involved only dismissal as a future disposition.

## III.  ANALYSIS

### A.  Inherent Power of Courts

It is without question that courts possess the inherent power of contempt.  "The power to fine and imprison for *contemptis* is incident to every court of record.  The courts, *ex necessitate rei*, have the power of protecting the administration of justice . . . ."  Wells v. Commonwealth, 62 Va. (21 Gratt.) 500, 503 (1871).  That power "is inherent in all courts . . . ."  Carter's Case, 96 Va. 791, 808, 32 S.E. 780, 782 (1899).  "Such power is inherent in the nature and constitution of a court."  Holt v. Commonwealth, 205 Va. 332, 336, 136 S.E.2d 809, 813 (1964), rev'd on other grounds, 381 U.S. 131 (1965).  "The power of courts to punish for contempt is inherent and an important and necessary arm in the proper discharge of the functions committed to them by fundamental law."  Nicholas v. Commonwealth, 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947).

Nonetheless, "[it] is proper for the Legislature to regulate the exercise of the power so long as it confines itself within limits consistent with the preservation of the authority of courts to enforce such respect and obedience as is necessary to their vigor and efficiency."  Carter's Case, 62 Va. at 808, 32 S.E. at 782.  See Title 18.2, Chapter 10, Article 5, § 18.2-456 *et seq*. (containing limitations imposed by the legislature upon the inherent contempt power of a court).

The power to order restitution is another area addressed by the jurisprudence defining the inherent power of courts.

In Flemings v. Riddick's Executor, 46 Va. (5 Gratt.) 272, 280-81 (1848), the Supreme Court of Appeals affirmed a trial court's inherent power to order restitution when a:  "[c]ourt whose judgment or decree is reversed . . . having by its own act occasioned the wrong, possesses an inherent and summary jurisdiction to afford the redress, without reference to the peculiar nature of the controversy which it had erroneously determined."

In <u>Reid v. Reid</u>, 14 Va. App. 505, 511, 419 S.E.2d 398, 402 (1992) (*en banc*), this Court held the trial court had the authority to order restitution from a spouse who had received spousal support payments pursuant to a court order subsequently reversed on appeal. We found that authority in Code § 20-107.1[2] and in "[t]he legal and proper inherent power [of a court] 'to repair an injury occasioned by its own wrongful adjudication.' <u>Flemings</u>, 46 Va. (5 Gratt.) at 281." <u>Id.</u>

The Virginia Supreme Court reversed in <u>Reid v. Reid</u>, 245 Va. 409, 429 S.E.2d 208 (1993), finding the trial court had neither statutory nor inherent power to order restitution. The Court wrote: "But more important, the inherent authority discussed in <u>Flemings</u> is not absolute. For example, while courts possess 'an inherent power of self-defense and self-preservation' by way of contempt . . . [citing <u>Carter's Case</u>] . . ., the power may be regulated by legislative enactment, provided it is not 'destroyed, or so diminished as to be rendered ineffectual.'" <u>Id.</u> at 413-14, 429 S.E.2d at 210.

The Court further noted that Code § 20-107.1 authorized spousal support at the time of entry of a divorce decree. But "[r]estitution is the recovery of money already paid." <u>Id.</u> at 412, 429 S.E.2d at 209. Thus, there was no statutory authority to order restitution.

The Court continued:

> Nor do we find persuasive Dr. Reid's argument that the absence of
> an explicit statutory prohibition against granting restitution
> supports the existence of implied statutory authority to order
> restitution. The General Assembly did not ignore the possibility of
> altering spousal support awards retroactively, which would
> effectively occur if restitution were ordered. Provision was made
> for retroactive treatment when "proceedings are reopened to
> increase, decrease or terminate maintenance and support for a
> spouse . . ." but only "with respect to any period during which
> there is a pending petition for modification, but [even then] only
> from the date that notice of such petition has been given to the

---

[2] "Upon . . . decreeing a divorce . . . the court may make such further decrees as it shall deem expedient concerning the maintenance and support of the spouses."

- 4 -

responding party." Code § 20-112. . . . Indeed, the provisions
contradict the existence of implied authority to grant such relief.

Id. at 412-13, 429 S.E.2d at 209-10. "[W]e think that the legislature has modified the inherent power described in Flemings." Id. at 415, 429 S.E.2d at 211.

The General Assembly, by granting authority to courts to act in designated circumstances, negates any implied or inherent authority of a court to act in similar circumstances not designated.

Legislative enactment may circumscribe the power of a court to impose punishment. As we noted in Podracky v. Commonwealth, 52 Va. App. 130, 143, 662 S.E.2d 81, 88 (2008): "Chief Justice Marshall wrote that '[t]he power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment.' United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95 (1820). See also Dowling v. United States, 473 U.S. 207, 213-14 (1985)."

Subject to the restriction of the Double Jeopardy Clause of the Constitution, "The legislature retains plenary discretion to 'determine the appropriate "unit of prosecution"' and to punish each violation separately. Nelson v. Commonwealth, 41 Va. App. 716, 740, 589 S.E.2d 23, 35 (2003) (citation omitted), aff'd on other grounds, 268 Va. 665, 604 S.E.2d 76 (2004); see Mason v. Commonwealth, 49 Va. App. 39, 46, 636 S.E.2d 480, 483 (2006)." De'Armond v. Commonwealth, 51 Va. App. 26, 32-33, 654 S.E.2d 317, 320 (2007). A trial court has no inherent power to disregard this legislative discretion.

In Lilly v. Commonwealth, 50 Va. App. 173, 187-88, 647 S.E.2d 517, 524 (2007), this Court observed:

> The legislative development of the mandatory minimum sentence
> . . . produced a floor below which no judge or jury could go. A
> trial court's authority to depart downward below a mandatory
> minimum is "nonexistent," Mouberry v. Commonwealth, 39
> Va. App. 576, 585, 575 S.E.2d 567, 571 (2003), because the
> legislative purpose was to divest trial judges and juries of "all

- 5 -

discretion" to sentence below the threshold minimum, In re Commonwealth of Virginia, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985). Given this history, we find no basis for Lilly's characterization of mandatory minimum sentences as a legislative usurpation of a historically unique judicial function.

Code § 19.2-295.2 authorizes a trial court to impose a six-month to three-year period of supervision upon release from active incarceration. The trial court imposed a jury recommendation of three years incarceration for voluntary manslaughter[3] plus three years of post-release supervision. Arguing a violation of the separation of powers, the defendant argued that the legislature had ceded to the judiciary a legislative function, i.e., determining the actual maximum punishment. We rejected this reasoning, holding that "the legislature, not the trial court, established the range of punishment," by its enactment of Code § 19.2-295.2. Alston v. Commonwealth, 49 Va. App. 115, 123, 637 S.E.2d 344, 348 (2006), aff'd, 274 Va. 759, 652 S.E.2d 456 (2007). See also Williams v. Commonwealth, 270 Va. 580, 621 S.E.2d 98 (2007). Thus, the power to impose the post-release period arises from the legislature, not from any inherent power of a court to punish.

## B. The Holding in Moreau

We now address Moreau, 276 Va. 127, 661 S.E.2d 841.

After hearing evidence concerning a misdemeanor charge of contributing to the delinquency of a minor, in violation of Code § 18.2-371,[4] a judge of the Juvenile and Domestic Relations District Court of the City of Danville entered an order containing the following: she found "Sufficient evidence to convict the defendant . . .," id. at 131, 661 S.E.2d at 843; she held she had "the inherent authority to take the matter under advisement . . .," id. at 137, 661 S.E.2d at

---

[3] As set forth in Code § 18.2-35, voluntary manslaughter is a Class 5 felony, which, pursuant to Code § 18.2-10, carries a maximum punishment of ten years incarceration.

[4] Code § 18.2-371 does not contain provisions authorizing a court to defer disposition contemplating an ultimate dismissal of the charge.

846-47; she concluded "[I]t [w]as appropriate . . . to defer judgment," id. at 132, 661 S.E.2d at 844; and she "continued" the case to a later date. Id.

The majority in Moreau carefully noted: "Contemporaneous records of the Juvenile and Domestic Relations District Court . . . indicated that if there were 'no problems' . . . the case would be dismissed. These contemporaneous records were not in the form of an order." Id.

The Circuit Court of the City of Danville issued a writ of mandamus, requested by the Commonwealth's Attorney, directing the juvenile and domestic relations district court judge, since she had found the evidence sufficient to convict, to "perform the ministerial act of making," id. at 133, 661 S.E.2d at 844, "a determination as to the guilt or innocence of the accused . . . ." Id. at 132-33, 661 S.E.2d at 844.

The majority discussed the separation of powers doctrine and noted that: "*although the subject matter of the judiciary's power may, in some ways be limited by legislative action,* the essential function of the judiciary—the act of rendering judgment in matters properly before it—may not be abridged by either the executive or legislative branches." Id. at 136, 661 S.E.2d at 846 (emphasis supplied).

The Court noted that: "it was within the inherent authority of the court to 'take the matter under advisement' or 'continue the case for disposition' at a later date. Such practices involve the essence of rendering judgment . . . . Nothing contained in the order is beyond the power of the court." Id. at 137-38, 661 S.E.2d at 846-47.

The majority dismissed the writ of mandamus, stating: "[W]e disagree that a determination as to the guilt or innocence of the accused is a ministerial function." Id. at 138, 661 S.E.2d at 847. The majority continued: "We hold that the act of rendering judgment is within the inherent power of the court and that the very essence of adjudication and entry of judgment involves discretionary power of the court." Id. at 139, 661 S.E.2d at 847-48.

- 7 -

After reciting those portions of the juvenile and domestic relations district court order quoted above, the majority wrote:

> What may in a proper case be reasonably subject to challenge is whether the judge may decline to render judgment and continue the case with or without terms akin to probation status with the promise from the court of a particular disposition at a later date. However, *the case before us does not present such questions. . . .* [T]he underlying juvenile court order in this case has no such terms or conditions and no provision of a future disposition.

Id. at 137-38, 661 S.E.2d at 847 (emphasis supplied).

As noted above, the "contemporaneous records" of the court did contain conditions and a promise of the future potential disposition of dismissal. These "records," as the majority determined, did not constitute an order of the court.

In footnote 5, the majority wrote: "To the extent that the decision of the Court of Appeals in Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214 (2007), is inconsistent with the holding of this case, it is expressly overruled. See also Gibson v. Commonwealth, 276 Va. 176, 180-81, 662 S.E.2d 54, 57 (2008) (this day decided)."[5]

---

[5] The concurrence in Moreau (Koontz, J.) noted that the majority

> properly limits its scope to issues presented by the record on appeal. I write separately to stress that our decision in this case, as well as our decision in Gibson v. Commonwealth, 276 Va. 176, 662 S.E.2d 54 (2008) (this day decided), necessarily leaves unresolved a significant issue . . . [t]he issue . . . whether a trial court, *at the request of the accused and with the agreement of the Commonwealth*, may in the exercise of inherent authority decline to render a judgment in a criminal case and continue to permit the accused to satisfy terms akin to probation with the understanding that the court will enter a particular disposition at a later date upon compliance by the accused with those terms . . . in those exceptional cases that warrant this practice.

Moreau, 276 Va. at 139, 661 S.E.2d at 848 (emphasis in original).

We also address Gibson, 276 Va. 176, 662 S.E.2d 54.  An issue resolved was the criminal responsibility of an individual to pay over withholding taxes.

Of relevance to this instant case, however, is the following from Gibson:

> The record reveals no additional requests or motions for deferral [of disposition].  Consequently, the trial court never denied such a request or motion.  Accordingly, the issue present in Gibson's fourth assignment of error, namely that the trial court "erred by not recognizing the courts [sic] authority to defer findings of guilt absent a specific legislative grant of authority" is not properly before us because the record reflects no ruling of the trial court to that effect. We note that although the Court of Appeals addresses this issue in its opinion, the question was not properly before the Court of Appeals for the same reason.

Id. at 181, 662 S.E.2d at 57.

Following the word "reason," the Supreme Court inserted footnote 2, which reads as follows:  "See also Moreau v. Fuller, 276 Va. 127, 138, n.5, 661 S.E.2d 841, 847 n.5 (2008) (this day decided) (overruling Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214 (2007)[,] to the extent that it is inconsistent with the holding in that case)."

It is clear, manifestly clear, that the issue presented in the case presently before this Court; that is, does a trial court have the inherent authority to defer judgment upon terms

---

We do note that:

> First, the structure of tripartite government creates a judicial presumption in favor of "broad" prosecutorial discretion.  See United States v. Armstrong, 517 U.S. 456, 465-65, 116 S. Ct. 1480, 1486-87, 134 L. Ed. 2d 687 (1996).  "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review."  Wayte v. United States, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530, 84 L. Ed. 2d 547 (1985).

Boyd v. County of Henrico, 42 Va. App. 495, 521, 592 S.E.2d 768, 781 (2004) (*en banc*).  See also George v. Commonwealth, 51 Va. App. 137, 142-43, 655 S.E.2d 43, 46 (2008); Bishop v. Commonwealth, 49 Va. App. 251, 260, 639 S.E.2d 683, 687 (2007), rev'd on other grounds, 275 Va. 9, 654 S.E.2d 906 (2008).

contemplating a future dismissal of criminal charges, especially *without* the agreement of the Commonwealth, was not decided in either <u>Moreau</u> or <u>Gibson</u>.

As <u>Moreau</u> instructs, a trial court has the inherent power to take a case under advisement and to continue the same for future disposition—that disposition being "the act of rendering judgment." <u>Moreau</u>, 276 Va. at 136, 661 S.E.2d at 846. That disposition, that inherent authority, includes the dismissal of a criminal charge. But, we believe, "*absent an express statutory grant, trial courts may not dismiss criminal charges on grounds other than the legal or factual merits.*" <u>Holden v. Commonwealth</u>, 26 Va. App. 403, 407, 494 S.E.2d 892, 895 (1998) (emphasis supplied). No court has the sole authority to dismiss a criminal charge for any reason not based upon the legal or factual merits, unless authorized to do so by a legislature. To construe the inherent power of a court to dismiss a criminal charge on a basis other than the legal or factual merits would, by such construction, potentially authorize judicial nullification of a legislative act, in violation of separation of powers.

Once there is a finding of guilt (or a finding of evidence sufficient to support the same), or such a finding following a continuance to take that determination under advisement, the consequences of that finding; that is, a permissible punishment a court may impose, are circumscribed and delineated by the legislature. In accord with the separation of powers, the responsibility for "fixing penalties are legislative, not judicial functions." <u>Cook v. Commonwealth</u>, 20 Va. App. 510, 513, 358 S.E.2d 317, 319 (1995) (quoting <u>United States v. Evans</u>, 333 U.S. 483, 486 (1948)). <u>See also</u> <u>Falwell v. City of Lynchburg</u>, 198 F. Supp. 2d 765, 775 (W.D. Va. 2002); <u>Podracky</u>, 52 Va. App. at 143, 662 S.E.2d at 88; <u>De'Armond</u>, 51 Va. App. at 32-33, 654 S.E.2d at 320; <u>Lilly</u>, 50 Va. App. at 187-88, 647 S.E.2d at 524; <u>Alston</u>, 49 Va. App. at 123, 637 S.E.2d at 348.

The General Assembly has granted courts the authority to defer findings of guilt contemplating a potential future dismissal of specifically designated criminal charges. These designations include marital rape, see Code § 18.2-61(C); marital forcible sodomy, see Code § 18.2-67.1(C), marital object sexual penetration, see Code § 18.2-67.2(C),[6] and, first offender possession of controlled substance or marijuana, see Code § 18.2-251. Likewise included among crimes for which deferral and potential dismissal is authorized by the legislature is assault and battery upon a family or household member, pursuant to Code § 18.2-57.3. No statute contains authorization for deferral and dismissal of a charge under Code § 18.2-57(C), assault upon a police officer, the crime for which Hernandez was convicted.

"To declare what the law is, or has been, is a judicial power; to declare what the law shall be is legislative." Commonwealth v. Gregory, 193 Va. 721, 726, 71 S.E.2d 80, 83 (1952) (quoting 50 Am. Jur., Statutes § 219, p. 198). As this Court noted in Finnerty v. Thornton Hall, Inc., 42 Va. App. 628, 635, 593 S.E.2d 568, 571 (2004) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1830)), "[t]his axiom stems from basic principles of separation of powers. 'It is emphatically the province and duty of the judicial department to say what the law is.'" But in that determination, the judiciary is to "ascertain and give effect to the intention of the legislature." Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003).

To ascertain that intention, a principle of statutory construction is here relevant: "Interpretation of the statute by comparison to other, similar statutes supports this result . . . showing the General Assembly clearly knew how to limit a privilege . . . when it so desired." Schwartz v. Schwartz, 46 Va. App. 145, 157-58, 616 S.E.2d 59, 66 (2006) (quoted with approval in Marblex Design Intern., Inc. v. Stevens, 54 Va. App. 299, 304-05, 678 S.E.2d 276, 278

---

[6] For a deferral and dismissal, this and the preceding two statutes require "the *consent of* the complaining witness and *the attorney for the Commonwealth* . . . ." (Emphasis supplied).

(2009).  See also, Martin v. Howard, 273 Va. 722, 726, 643 S.E.2d 229, 231-32 (2007); Hechler Chevrolet v. General Motors Corp., 230 Va. 396, 401, 337 S.E.2d 744, 747 (1985).  Succinctly stated:  "The Legislature is presumed to know what it intends to do and can do."  Miller v. Commonwealth, 172 Va. 639, 649, 2 S.E.2d 343, 348 (1939).

As contrasted above, Code § 18.2-57.3 authorizes deferral and dismissal.  Code § 18.2-57(C) does not.  The trial court did not have the inherent power, as Hernandez asserts, to add, in effect, a provision granting deferral and dismissal from the former statute to the latter. This is true because "'[c]ourts cannot read into a statute something that is not within the manifest intention of the legislature as gathered from the statute itself.'"  Stevens v. Commonwealth, 46 Va. App. 234, 245, 616 S.E.2d 754, 759 (2005) (*en banc*) (quoting Jordan v. South Boston, 138 Va. 838, 844-45, 122 S.E. 265, 267 (1924)), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  No court has the inherent power "to add to a statute language which the legislature has chosen not to include."  County of Amherst v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1982).  To recognize such an inherent power would violate the separation of powers, as Chief Justice Marshall wrote, quoted above, "[t]he power of punishment is vested in the legislative, not in the judicial department."  Wiltberger, 18 U.S. (5 Wheat.) at 95.

Affirmed.