COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


JENNIFER SHERRICE MILTON

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1925-11-1                    JUDGE JEAN HARRISON CLEMENTS
                                                              OCTOBER 9, 2012
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            John W. Brown, Judge

        Oksana V. LaBounty, Assistant Public Defender, for appellant.

        Victoria Johnson, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General; Katherine Quinlan Adelfio,
        Assistant Attorney General, on brief), for appellee.


        Jennifer Sherrice Milton was convicted, upon a guilty plea, of attempted petit larceny, third

or subsequent offense in violation of Code §§ 18.2-96 and 18.2-104.[1]  Milton argues the trial court

erred in denying her post-sentencing motion to withdraw her guilty plea.  Milton asserts that at the

time she entered her guilty plea she was unaware she was pleading guilty to a felony and she

believed the charge would be taken under advisement.  Finding no error in the trial court's

judgment, we affirm Milton's conviction.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Randall D. Smith conducted the guilty plea hearing.

According to the stipulation of facts signed by Milton, on August 1, 2009, a loss prevention officer at a grocery store saw Milton conceal items in a handbag. At the checkout, Milton paid for items in a cart, but she failed to pay for the items she concealed in her handbag and the loss prevention officer detained Milton. Officer D. Boyd investigated, and Milton told Boyd that she stole the items because she did not have money to pay for them. Milton's two prior convictions for petit larceny were admitted into evidence at the guilty plea hearing. The trial court noted that the stipulated facts were sufficient to find Milton guilty and her guilty plea was entered freely, voluntarily, and intelligently. Prior to the trial court finding Milton guilty, defense counsel asked the trial court to take the matter under advisement until the pre-sentence report was completed because there were "certain circumstances" she wanted to present concerning "what was going on in [Milton's] life at the time of the offense." The trial court again found that the facts were sufficient to find Milton guilty, but since it was not a final order until sentencing it would listen to what defense counsel had to say. The trial court entered an order of conviction on October 22, 2009, and continued the case for sentencing. Thereafter, the case was continued several times in recognition that Hernandez v. Commonwealth, 55 Va. App. 190, 284 S.E.2d 845 (2009), rev'd, 281 Va. 222, 707 S.E.2d 273 (2011), was pending in the Supreme Court of Virginia.

On September 19, 2011, the trial court held the sentencing hearing and Milton testified it was difficult to support herself and three children and she took the items from the grocery store because she did not have money to pay for them. Defense counsel asked the trial court to reduce the felony indictment to a misdemeanor. During allocution, Milton stated, "I am not the person that has been in trouble. After I caught that last sentence – I didn't know there was a law like that. If you have three misdemeanors, it turns into a felony." The trial court responded that Milton's statement showed she would have kept committing misdemeanors. The trial court stated that it did not have the authority to "undo" the earlier finding of guilt and sentenced Milton to five years, with four

years and nine months suspended and entered the final sentencing order on September 20, 2011. On September 26, 2011, appellant filed a notice of appeal. On October 7, 2011, Milton filed a motion to withdraw her guilty plea, and the trial court held a hearing on the motion on October 11, 2011, which was within twenty-one days of the final sentencing order.

At the October 11, 2011 hearing, Milton testified she did not understand at the time she entered the plea that it would result in a felony conviction and she thought the matter would be taken under advisement. During cross-examination, Milton agreed that when she pled guilty, she told the trial court she understood the maximum punishment for the offense was five years in prison. At the conclusion of the hearing, the trial court noted that the arrest warrant stated "warrant arrest felony" on the top, that Milton was familiar with the system due to her prior petit larceny convictions, that she understood the maximum punishment was five years, and that she waived the preliminary hearing for the "felony" charge. The trial court reviewed the stipulation of facts and noted Milton admitted she stole the items, she signed the stipulation of facts, and she did not present an affirmative defense to the charge. The trial court found that Milton failed to present a sufficient basis to withdraw her guilty plea and denied her motion. The written order denying the motion was entered on October 31, 2011, which was more than twenty-one days after the final sentencing order.

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

Assuming without deciding that Milton's motion to withdraw her guilty plea was properly before the trial court, the trial court did not abuse its discretion in denying her motion to withdraw her guilty plea.

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the

- 3 -

judgment of conviction and permit the defendant to withdraw his plea.

Code § 19.2-296.

> Under the express terms of the statute, when the motion is made after entry of a final order imposing sentence or deferring the imposition of sentence, a defendant will be allowed to withdraw a guilty plea only while the case remains under the trial court's jurisdiction for twenty-one days and only "to correct [a] manifest injustice."

Justus v. Commonwealth, 274 Va. 143, 152, 645 S.E.2d 284, 288 (2007).

"The term 'manifest' is defined as 'synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident. In evidence, *that which is clear and requires no proof*; that which is notorious.'" Johnson v. Anis, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Sept. 14, 2012) (quoting Black's Law Dictionary 962 (6th ed. 1990)) (emphasis in original).

Milton admitted in the stipulated facts and at the hearing on the motion to withdraw her guilty plea that she stole the items from the grocery store. Milton has never proffered that she is innocent of the charge. [2] Milton's basis for withdrawing her guilty plea was her belief that she did not understand she was pleading guilty to a felony and the finding of guilt was taken under advisement. However, the evidence proved that the warrant issued in this case was a "felony" arrest warrant, that Milton signed a waiver of a preliminary hearing for a "felony" charge, and that she knew that the maximum sentence for the charge was five years in prison. At the guilty plea hearing, the trial court stated that the stipulated facts were sufficient to support the charge and found Milton guilty. The order entered after the guilty plea hearing was not an order deferring a finding of guilt, but it was a criminal conviction order. Milton has failed to present evidence that "manifest injustice" occurred when she entered her guilty plea. Accordingly, we

---

[2] At oral argument, defense counsel admitted that Milton has never contested her guilt.

- 4 -

find no error in the trial court's judgment in denying Milton's motion to withdraw her guilty plea and her conviction is affirmed.

Affirmed.