Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

RAFAEL HERNANDEZ

OPINION BY
v.  Record No. 092524    SENIOR JUSTICE CHARLES S. RUSSELL
January 13, 2011

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In Moreau v. Fuller, 276 Va. 127, 661 S.E.2d 841 (2008), we considered the question whether a court, having taken a criminal case under advisement for deferred disposition, had a ministerial duty, enforceable by mandamus, to enter final judgment in the case. We held that the act of rendering judgment was within the inherent power of the court and that it was discretionary, not ministerial, and therefore not subject to compulsion by mandamus. Id. at 138-39, 661 S.E.2d at 847-48. Today, we revisit that question in a different factual context.

## Facts and proceedings

The facts are undisputed and the appeal presents a pure question of law. Rafael Hernandez was indicted for feloniously assaulting a police officer in violation of Code § 18.2-57(C). At the conclusion of the evidence at a bench trial, defense counsel, citing Moreau, moved the court to defer disposition of the case for a period of time to be fixed by the court, to continue the defendant's bond in effect for

that period, subject to such conditions as the court might prescribe, and at the end of that period to consider dismissal of the case in lieu of a conviction if the defendant complied with all the prescribed conditions. The attorney for the Commonwealth did not agree. The court stated from the bench that the evidence was sufficient to support a finding of guilt and held that even though the case might be an appropriate one for a deferred disposition, the court did not have inherent authority to do so. The defense waived a pre-sentence report and the court imposed a sentence of eleven months in jail with five months suspended subject to probation for eleven months after release.

Hernandez appealed to the Court of Appeals, which granted him an appeal limited to the question whether the trial court erred in concluding that it lacked inherent authority to continue the defendant's case for future determination. By a published opinion, a panel of the Court of Appeals affirmed the judgment, holding that the circuit court had neither statutory nor inherent authority to defer disposition of the case. Hernandez v. Commonwealth, 55 Va. App. 190, 684 S.E.2d 845 (2009). We awarded Hernandez an appeal on a single assignment of error, that the Court of Appeals erred in concluding that the trial court lacked inherent authority to

2

defer judgment "upon terms contemplating a future dismissal of criminal charges."

## Analysis

Because the appeal presents a pure question of law, we apply a de novo standard of review.  Moreau, 276 Va. at 133, 661 S.E.2d at 845.  There are marked similarities between this case and Moreau.  Here, as in Moreau, the Commonwealth did not agree to a deferred disposition.  Here, as in Moreau, the trial judge stated that the evidence was sufficient to support a finding of guilt.  Here, as in Moreau, the trial court considered the question of deferred disposition before entering an order finding the defendant guilty of a crime. The trial courts, however, reached opposite conclusions in the two cases.  Here, the circuit court held that it lacked authority to defer disposition, while the juvenile and domestic relations district court in Moreau held that it had such authority.

Moreau was a civil case, a petition for mandamus brought by a Commonwealth's Attorney in a circuit court to compel the judge of a juvenile and domestic relations district court to perform the allegedly ministerial duty of entering final judgment in a criminal case that had been taken under advisement and continued for further disposition.  Our holdings in Moreau, although arising in a different context,

3

nevertheless control the present case.  There, we held that "the act of rendering judgment is within the inherent power of the court and that the very essence of adjudication and entry of judgment by a judge involves discretionary power of the court."  Id. at 139, 661 S.E.2d at 847-48.  In reaching that holding, we said:

> Upon hearing the evidence in the criminal proceeding at issue in this case, it was within the inherent authority of the court to "take the matter under advisement" or "continue the case for disposition" at a later date.  Such practices involve the essence of rendering judgment.  No one contends that the judge must immediately render judgment upon the instant that the presentation of evidence has been concluded.

Id. at 137, 661 S.E.2d at 846-47.  We noted that while such a case was pending, the court has statutory authority to continue bail requirements.  Id. at 137 n.4, 661 S.E.2d at 847 n.4.

In Moreau, we left open the question whether a court may defer judgment and continue a case with a promise of a particular disposition at a later date.  Id. at 137, 661 S.E.2d at 847.  That question was not before the Court in Moreau and is not before us here, as neither case involved such a promise.

We agree with the Court of Appeals' observation in the present case that once a court has entered a judgment of conviction of a crime, the question of the penalty to be

4

imposed is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed. Hernandez, 55 Va. App. at 196-97, 684 S.E.2d at 848-49. We do not agree, however, with the Court of Appeals' holding that the mere statement by a judge that the evidence was sufficient to support a conviction amounts to a judgment of conviction. See 55 Va. App. at 202, 684 S.E.2d at 851.

As we have repeatedly held, "a court speaks only through its written orders." Moreau, 276 Va. at 137-38, 661 S.E.2d at 847 (citing Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 103, 639 S.E.2d 174, 177 (2007)). An observation by the court as to the sufficiency of the evidence does not amount to a formal adjudication of guilt. Until the court enters a written order finding the defendant guilty of a crime, the court has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date.

## Conclusion

In the present case, during the interval between the conclusion of the evidence and the entry of a written order adjudicating the defendant guilty, the circuit court had the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future

5

disposition, subject to such lawful conditions as the court might prescribe.  The circuit court erred in holding that it lacked that power and in denying the defendant's motion for that reason.  The Court of Appeals also erred in holding that the circuit court lacked that inherent power and in affirming the judgment accordingly.

For the reasons stated, we will reverse the judgment of the Court of Appeals and remand the case to that Court with direction to further remand the same to the circuit court for such consideration of the defendant's motion for deferred disposition as the circuit court in its discretion may deem appropriate.

<u>Reversed and remanded</u>.