COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Kelsey and Powell
Argued at Richmond, Virginia


ELIZABETH MORTON BARHAM

MEMORANDUM OPINION[*] BY
v.      Record No. 2692-09-2      JUDGE CLEO E. POWELL
JULY 19, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, P.C., on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Elizabeth Morton Barham ("Barham") was convicted of petit larceny, in violation of

Code § 18.2-96. On appeal, Barham argues that "[t]he trial court erred in holding that it did not

have the authority to take a matter under advisement while the defendant fulfilled certain

conditions with the understanding that the charge would later be dismissed." For the reasons that

follow, we affirm.

I.  BACKGROUND

On June 16, 2009, Elizabeth Morton Barham was arrested for shoplifting items valued at

less than $200 from a store. Barham was convicted in general district court and appealed to

circuit court. At her trial in the circuit court, she initially pleaded guilty and asked the court to

defer the disposition of the case and "ultimately consider dismissing" based on Barham's

completion of several conditions because Barham had no criminal record, was a contributing

  _____

  [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

member of society, and was under extreme stress. When the trial court held that it lacked the authority to defer disposition, Barham changed her plea to not guilty but conceded that the evidence was sufficient. This appeal follows.

## II. ANALYSIS

Rule 5A:18 mandated that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."[1] "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). "A party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)). Rule 5A:18 exists "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).

Here, Barham "asked the [circuit] [c]ourt, . . . while acknowledging that there was sufficient evidence for a finding of guilty, to defer disposition on the condition that she do

---

[1] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

certain things, and then to ultimately consider dismissing the case against her." She argued to the circuit court that it had "the power to defer disposition and to take the matter under advisement." She further asserted that she was "an appropriate candidate for a deferred adjudication; and then perhaps on performance and conditions, a dismissal; and that [the court], do[es] defer judgment in the order, whatever is appropriate and continue the case for another day for disposition." This is the question that the Supreme Court of Virginia answered in Hernandez v. Commonwealth, 281 Va. 222, 225, 707 S.E.2d 273, 274 (2011).

On appeal, however, Barham argues that "[t]he trial court erred in holding that it did not have the authority to take a matter under advisement while the defendant fulfilled certain conditions with the understanding that the charge would be dismissed." This is not the question asked of the trial court. Indeed, this assignment of error on appeal is precisely the question that the Supreme Court of Virginia held was not before it in Hernandez.[2] Id. As this question was not presented to the trial court, it is not properly preserved and Rule 5A:18 bars our consideration of the question.

---

[2] While Barham argues that her assignment of error mirrors the request made of the trial court, Hernandez illustrates that these two questions are not the same. Hernandez, 281 Va. at 225, 707 S.E.2d at 274. Indeed, the Supreme Court of Virginia stated, "[w]e awarded Hernandez an appeal on a single assignment of error, that the Court of Appeals erred in concluding that the trial court lacked inherent authority to defer judgment 'upon terms contemplating a future dismissal of criminal charges.'" Id. at 224, 707 S.E.2d at 274. The Court went on to say, "[i]n Moreau, we left open the question whether a court may defer judgment and continue a case with a promise of a particular disposition at a later date[,]" stating that the latter question was not before the Court. Id. at 225, 707 S.E.2d at 274 (citing Moreau v. Fuller, 276 Va. 127, 137, 661 S.E.2d 841, 847 (2008)). Because Barham changed her request from asking the trial court to "consider dismissing" to asking this Court to hold that the trial court erred in ruling that it lacked the authority to take the matter under advisement "with the understanding that the charge would later be dismissed[,]" the question presented in the assignment of error was not before the trial court.

## III. CONCLUSION

For the foregoing reasons, we affirm.

Affirmed.

Kelsey, J., concurring in result.

The trial court correctly held it had no authority to continue the case for the purpose of considering whether to later acquit Barham of a crime, which the stipulated evidence proved beyond a reasonable doubt she committed. Absent constitutional or statutory authority to do so, no Virginia court has the inherent authority to acquit the guilty any more than it has to convict the innocent. We explained the historic and jurisprudential reasons for this conclusion in Taylor v. Commonwealth, 58 Va. App. ___, 2011 Va. App. LEXIS 215 (June 28, 2011).

Under common law, "[t]here simply was no such thing as a judicial pardon." Id., 2011 Va. App. LEXIS 215, at *15 (citation omitted). "Nothing in English common law or, for that matter, the 'common law developed in Virginia' after Jamestown, authorizes the assertion of such an anomalous judicial power." Id., 2011 Va. App. LEXIS 215, at *18-19 (citing Commonwealth v. Morris, 281 Va. 70, 82, 705 S.E.2d 503, 508-09 (2011), in recognition of modern Virginia common law precedents but concluding none authorize judicial pardons). To be sure,

> a court simply has no "authority to free guilty defendants," Sorrells
> [v. United States], 287 U.S. [435, 449 (1932)], whose guilt was
> proved in a lawful trial. When a "defendant has been duly indicted
> for an offense found to be within the statute, and the proper
> authorities seek to proceed with the prosecution, the court cannot
> refuse to try the case in the constitutional method because it desires
> to let the defendant go free." Id. at 450. Such a practice "is
> inconsistent with the Constitution, since its exercise *in the very
> nature of things* amounts to a refusal by the judicial power to
> perform a duty resting upon it and, as a consequence thereof, to an
> interference with both the legislative and executive authority as
> fixed by the Constitution." Ex parte United States, 242 U.S. [27,
> 50-52 (1916)] (declaring unlawful the practice then called "laying
> the case on file").

Id., 2011 Va. App. LEXIS 215, at *8 (emphasis in original); see also Ex parte United States, 287 U.S. 241, 250 (1932). As the United States Supreme Court has explained:

> [T]he disregard of the Constitution which would result from sustaining the proposition is made if possible plainer by considering that, if it be that the plain legislative command fixing a specific punishment for crime is subject to be permanently set aside by an *implied judicial power upon considerations extraneous to the legality of the conviction*, it would seem necessarily to follow that there could be likewise *implied a discretionary authority to permanently refuse to try a criminal charge because of the conclusion that a particular act made criminal by law ought not to be treated as criminal.*  And thus it would come to pass that the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced.

Id., 2011 Va. App. LEXIS 215, at *6-7 (quoting Ex parte United States, 242 U.S. at 42) (emphasis added).  Because the underlying power does not exist, a court cannot exercise it directly or indirectly through the artifice of a continuance.  See Ex parte United States, 242 U.S. at 46 (agreeing that the inherent power of a court to order a "mere postponement" in the entry of a final order cannot be used as a pretext for granting a criminal defendant "a pardon for his crime" (citation omitted)).

That conclusion is particularly true in Virginia, where the General Assembly has enacted various statutes authorizing "trial courts in Virginia to acquit a defendant of a criminal offense for reasons unrelated to guilt or innocence if certain statutory conditions are met."  Taylor, 2011 Va. App. LEXIS 215, at *19.[3]  "The enactment of these statutes demonstrates the General Assembly correctly concluded no common law precedent authorized such extraordinary relief and that, if Virginia courts were to have this power, it must be granted by statute."  Id.

Barham argues Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), compels a different conclusion in this case.  I disagree.  In Hernandez, the defendant pled *not*

---

[3] See, e.g., Code §§ 4.1-305(F) (underage "consumption, purchase or possession" of alcohol); 15.2-1812.2(B) (malicious damage to property); 16.1-278.9(A) (children found delinquent for certain drug and alcohol offenses); 18.2-57.3(A) (assault and battery against a family or household member); 18.2-61(C) (marital rape); 18.2-67.1(C) (marital forcible sodomy); 18.2-67.2(C) (marital object sexual penetration); 18.2-251 (possession of

- 6 -

guilty and affirmatively contested the prosecution's evidence. At the time the defendant in

Hernandez made his defer-and-dismiss request, the trial court had only determined the evidence

was "sufficient" to convict, id. at 224, 707 S.E.2d at 274, but had not determined whether the

evidence proved the defendant's guilt beyond a reasonable doubt. "An observation by the court

as to the sufficiency of the evidence does not amount to a formal adjudication of guilt." Id. at

226, 707 S.E.2d at 275.[4] Given the timing of the defendant's request in Hernandez, the trial

court could have granted the continuance for perfectly permissible reasons — like supplementing

the record with additional evidence on the question of guilt or innocence or providing the court

with additional time to determine whether the evidence proved guilt beyond a reasonable doubt.

That is not at all the situation here. Barham *pled guilty*. After conducting the required

colloquy, the trial court found "the plea to be knowing, intelligent, and voluntary." App. at 5-6.

The prosecutor then proffered evidence proving Barham's guilt. Except for one inessential

factual caveat, Barham's counsel conceded, "in all the essential aspects, the stipulation is

correct." Id. at 6. Barham's counsel thereafter asked the court "to defer disposition on the

---

controlled substances or marijuana); and 19.2-303.2 (certain property crimes constituting
misdemeanors).

[4] In perfect symmetry, the same threshold rationality standard also applies to a trial
court's review of a motion to strike evidence as insufficient, Rahnema v. Rahnema, 47 Va. App.
645, 662 n.7, 626 S.E.2d 448, 457 n.7 (2006) (citations omitted), and a motion to set aside a jury
verdict as factually insupportable, Blake Constr. Co./Poole & Kent v. Upper Occoquan Sewage
Auth., 266 Va. 564, 571, 587 S.E.2d 711, 715 (2003) (holding that the power to set aside a
verdict under Code § 8.01-680 can be exercised only if no "reasonable" jurors could "differ in
their conclusions of fact to be drawn from the evidence"). See generally Seaton v.
Commonwealth, 42 Va. App. 739, 747 n.2, 595 S.E.2d 9, 13 n.2 (2004).

Though sometimes conflated, evidentiary sufficiency and proof beyond a reasonable
doubt represent two very different determinations. A finding that the evidence is sufficient does
not mean the defendant is necessarily guilty. To be sure, a "sufficiency challenge requires the
trial court to view the evidence in the light most favorable to the Commonwealth." Dickerson v.
Commonwealth, 58 Va. App. 351, 357, 709 S.E.2d 717, ___ (2011). Finding the evidence
sufficient means only that a defendant *could be* found guilty if the factfinder later concludes guilt
has been proven beyond a reasonable doubt. The distinction between the concepts is the
difference between a mere *prima facie* case and a *verdict*.

condition that she do certain things, and then to ultimately consider dismissing the case against her." Id. at 7. By making this request, Barham sought the opportunity to earn the court's grace during a period of pre-conviction probation and, if all went well, to obtain a *not guilty* judgment on a *guilty* plea. The trial court held it did "not have authority to provide the relief requested" by Barham. Id. at 11.

After concluding it had no authority to defer the case for purposes of a later dismissal, the trial court *sua sponte* raised the issue of an appeal: "I urge you to take an appeal . . . . But I don't know why she pled guilty if you want to appeal." Id. Counsel got the hint, "Well, that's a good point. Would you – " Id. "Yes," the trial judge interrupted. Id. The court then summarily changed the plea from guilty to not guilty. Even so, no witnesses testified; no evidence was presented; and no closing arguments were made. The trial court entered judgment solely on the prosecutor's proffer and Barham's stipulation.

This after-the-fact change of Barham's plea does not alter the legal analysis. The trial court denied Barham's defer-and-dismiss request after accepting her guilty plea. Converting the guilty plea to a not-guilty plea had nothing to do with any real contest over Barham's actual guilt. After all, when a defendant has knowingly and voluntarily "stipulated to all the elements of the offense," he has made a "*de facto* guilty plea" in all but name. United States v. Muse, 83 F.3d 672, 681 (4th Cir. 1996). The only reason for the change of Barham's plea was to enable her to appeal. The "good point" alluded to by Barham's counsel, App. at 11, was the settled principle that the entry of a guilty plea would have procedurally barred this appeal.[5]

_____

[5] See Beaver v. Commonwealth, 232 Va. 521, 526, 352 S.E.2d 342, 345 (1987); Crutchfield v. Commonwealth, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948); Shelton v. Commonwealth, 34 Va. App. 109, 116, 538 S.E.2d 333, 336 (2000) (citing Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 570-71 (1969)); Clauson v. Commonwealth, 29 Va. App. 282, 290, 511 S.E.2d 449, 453 (1999) (quoting Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990)).

Finally, an often-overlooked aspect of <u>Hernandez</u> deserves particular attention. "We agree with the Court of Appeals' observation in the present case," <u>Hernandez</u> acknowledges,

> that once a court has entered a judgment of conviction of a crime, the question of the penalty to be imposed is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed.

<u>Hernandez,</u> 281 Va. at 225, 707 S.E.2d at 275. "If a trial court lacks the inherent authority to reduce a sentence below the statutory range," *a fortiori*, "it likewise has no inherent authority to reduce or dismiss the criminal charge altogether when the evidence proves guilt beyond a reasonable doubt." <u>Taylor</u>, 2011 Va. App. LEXIS 215, at *22-23. To be sure, a downward departure below the range of punishment authorized by statute is a far less arrogation of judicial power than simply acquitting a guilty defendant outright. If the lesser power is unauthorized, so too is the greater.

For these reasons, the trial court correctly held it did not have the power to grant the relief Barham requested. I thus concur in the result.[6]

---

[6] The dissent's assertion that Judge Powell's separate opinion "*implicitly concludes* that the holding in <u>Hernandez v. Commonwealth</u>, 281 Va. 222, 225, 707 S.E.2d 273, 274 (2011), would require us to affirm on the issue Barham raised in the trial court" ineffectually seeks to create a plurality where none exists. *Post* at 10 (emphasis added). Judge Powell's opinion concludes the issue is procedurally barred under Rule 5A:18. She does not, as the dissent claims, decide the waived issue — explicitly or implicitly — on the merits. In any event, the panel's only holding in this case is to affirm the trial court. Any reasoning offered in support of reversing the trial court has no place in the *ratio decidendi* of an affirmance.

Elder, J., concurring, in part, dissenting, in part, and dissenting from the judgment.

I concur in Judge Powell's opinion to the extent she implicitly concludes that the holding in Hernandez v. Commonwealth, 281 Va. 222, 225, 707 S.E.2d 273, 274 (2011), would require us to affirm on the issue Barham raised in the trial court. However, I write separately because I believe Barham's assignment of error on appeal also raises this issue and, thus, that we must reach the merits of the assignment of error, reverse the ruling of the trial court, and remand for further proceedings.

Barham's request at trial was for the court "to defer disposition on the condition that she do certain things, and then to ultimately consider dismissing the case against her," and she argued the trial court had "the power to defer disposition and to take the matter under advisement." I believe this argument was sufficient to preserve her contention on appeal—that the trial court "erred in holding that it did not have the authority to take a matter under advisement while the defendant fulfilled certain conditions with the understanding that the charge would be dismissed." I do not think Barham's use of the word, "understanding," in the final prepositional phrase of her assignment of error is sufficient to change the primary nature of her claim that the trial court had the authority to take the matter under advisement and, ultimately, to "consider" a dismissal. Thus, I would hold appellant's assignment of error is properly before us on appeal.

On the merits, as Judge Powell's opinion acknowledges in relation to Barham's objection in the circuit court, the Supreme Court's ruling in Hernandez, 281 Va. at 225, 707 S.E.2d at 274, squarely resolves the issue. Although Barham initially entered a guilty plea, she asked to withdraw that plea, and the trial court permitted her to do so. These events place this case in a procedural posture equivalent to Hernandez, in which, at the time the defendant asked to have the case continued for a later disposition, the trial court had "mere[ly] state[d] that the evidence

was sufficient to support a conviction" and had not yet "enter[ed] a written order finding the defendant guilty of a crime," id. at 225-26, 707 S.E.2d at 275. Here, too, because this case comes to us on appeal of Barham's conviction following her entry of a not-guilty plea, the procedural posture is such that, at the time Barham asked the circuit court to defer disposition and take the matter under advisement, no finding of guilt beyond a reasonable doubt had been made. Thus, as the Supreme Court held in Hernandez, "the [circuit] court ha[d] the inherent authority to take the matter under advisement or to continue the case for disposition at a later date." Id. at 226, 707 S.E.2d at 275. Accordingly, I would hold the circuit court committed reversible error in concluding it lacked such authority, and I would "remand . . . to the circuit court for such consideration of [Barham's] motion for deferred disposition as the circuit court in its discretion may deem appropriate." Id.

For these reasons, I respectfully dissent.