COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Decker
Argued by teleconference

UNPUBLISHED

CORNELL McDANIEL BRANCH

v.     Record No. 0205-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
SEPTEMBER 16, 2014

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard D. Taylor, Jr., Judge

Joan J. Burroughs (Devika E. Davis; Devika E. Davis, P.C., on
briefs), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Cornell McDaniel Branch (the appellant) contends that the trial court erred by finding that it

lacked authority to take his concealed weapon charge under advisement once he entered a plea of

*nolo contendere* but before the court found him guilty of the offense.  The appellant suggests that

Starrs v. Commonwealth, 287 Va. 1, 752 S.E.2d 812 (2014), controls and that the trial court was

authorized to take the case under advisement and defer its findings as well as any punishment.  For

the reasons that follow, the convictions are affirmed.[1]

I.  BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2011, police conducted a traffic stop of a vehicle driven by the appellant.

As a result of the stop, the appellant was charged with possession of a concealed weapon, first

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] While the panel disagrees regarding the underlying rationale for the judge's ruling, it
unanimously agrees that the convictions should be affirmed.  Three separate opinions follow.

offense, in violation of Code § 18.2-308, and defective equipment (an inoperable automobile headlight), in violation of Code §§ 46.2-1003 and -1011. He was convicted of both offenses in general district court and appealed the decisions to the circuit court. At the appellant's trial *de novo*, his counsel informed the court that the appellant was prepared to plead *nolo contendere*, or "no contest," to both charges. Counsel explained that she would stipulate to the facts and would proceed to sentencing with a motion for the court to take the case under advisement.

The trial court conducted its inquiry concerning the appellant's pleas. The appellant pled no contest to the two offenses. The court engaged in a colloquy and found that the pleas were entered in a manner consistent with the requirements of the law. The judge "accept[ed] the pleas[,] subject to the factual basis being shown by the Commonwealth."

The Commonwealth proffered the facts for the record, and the appellant concurred with the prosecutor's summary. The appellant's counsel asked to be heard on the disposition of the case before the court made its findings of guilt. She presented her argument, which summarized the circumstances surrounding the appellant's case, emphasized his background, and highlighted his efforts to overcome adversity. Counsel suggested that the unique situation warranted a deferred disposition. Further, appellant's counsel asked the court to take the case under advisement and ultimately dismiss the charges after the appellant completed whatever terms the court deemed appropriate. The Commonwealth objected to the court's taking the case under advisement due to the nature of the concealed weapon offense. The judge advised counsel that he was going to "think about it" and continued the case.

At the next hearing, the judge stated that he "took a look at the law" and, although he found the appellant's argument "really compelling," he did not believe that he had the authority to defer the disposition of the case. The court discussed the state of the law with the appellant's counsel, who also reminded the court that it had withheld the actual findings of guilt and continued the case.

She suggested that based upon the law at that time, deferring the case was still an option for the court. After further discussion, the prosecutor made clear that the Commonwealth objected to the court's taking the case under advisement, not because the court did not have the power to do so but because the facts of the case, specifically the firearm offense, warranted a conviction. The court then continued the case for a second time.

The court held a third hearing on sentencing, at which it indicated ongoing concern over "whether or not [it] ha[d] authority to [take the case under advisement] after [the appellant] ha[d] entered a plea of no contest." Appellant's counsel, referencing the applicable law, continued to urge that the court take the case under advisement and ultimately dismiss the firearm charge. The Commonwealth, represented by a different prosecutor, did not provide any additional insight. After the discussion, the court ruled, "I'm not going to take it under advisement. So we need to go forward." Appellant's counsel neither asked for clarification of the ruling nor objected to it. The court convicted the appellant, sentenced him to ten days in jail on each offense, with all time suspended, and fined him $100, which it also suspended.

## II. ANALYSIS

The appellant's argument is based on the assumption that the trial court found him guilty after determining that it lacked the authority to take the case under advisement and defer disposition. The alleged error rests on the theory that the trial court incorrectly ruled that it could not legally take the concealed weapon charge under advisement.

The party alleging reversible error has the burden to show through the record that the alleged error occurred and that he preserved the error for appeal. See Rule 5A:8; Bullock v. Commonwealth, 48 Va. App. 359, 366, 631 S.E.2d 334, 337 (2006), overruled in part on other grounds, Brown v. Commonwealth, 284 Va. 538, 545, 733 S.E.2d 638, 641-42 (2012); Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 386 (1991). The judgment below is

presumed correct absent such a showing. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993); see also Harris v. Commonwealth, 133 Va. 700, 705, 112 S.E. 753, 754 (1922). Additionally, on appeal, *absent clear evidence to the contrary*, a trial court is presumed to have known the law and properly applied it. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977); Oliver v. Commonwealth, 35 Va. App. 286, 297, 544 S.E.2d 870, 875 (2001). Further, while a trial court's legal conclusions are reviewed *de novo*, this Court reviews sentencing decisions by a trial court under the abuse of discretion standard. See Scott v. Commonwealth, 58 Va. App. 35, 46-47, 707 S.E.2d 17, 23 (2011) (sentencing); Ngomondjami v. Commonwealth, 54 Va. App. 310, 319, 678 S.E.2d 281, 286 (2009) (statutory interpretation and legal conclusions).

The judge was faced with an area of the law that was far from clear at the time that the appellant made the motion for the court to take the case under advisement and defer disposition of the firearm offense. Consequently, the judge, exercising an abundance of caution, continued the case twice in order to review the law and ensure that he was aware of what he could and could not do before he ruled. Throughout, he expressed concerns regarding his authority to defer disposition.

The prosecutor made clear that her objection to the court's taking the case under advisement was not based on procedure or any legal impediment of the court to act in the manner requested but, instead, was based on the nature of the offense. The prosecutor told the court, "I don't feel that taking a case under advisement with a weapon[ ] related offense is appropriate. . . . I don't believe a TUA [taking under advisement] would be appropriate, and based on that I would . . . ask[] the Court to find him guilty of the concealed weapon [offense]." At the second hearing, after some discussion about the posture of the case and the state of the law, the prosecutor reiterated the Commonwealth's position that it was "asking the Court to enter the conviction . . . just purely based on the facts of the case." This statement was followed by a clarifying question from the appellant's counsel. She

- 4 -

asked, "[A]nd not based on whether or not you object to the Court's inherent authority to take that action?" The prosecutor responded, "Exactly." The record shows that the Commonwealth emphasized throughout the proceedings that its objection was substantive, not procedural, and that it believed that the offense was not an appropriate one for the court to take under advisement. The Commonwealth asked the court to find the appellant guilty and sentence him.

At the final hearing, the court again recognized the legal issue concerning its authority to take the case under advisement and engaged in yet another discussion regarding the scope of that authority. After hearing from the appellant's counsel regarding Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), and her assessment that the law permitted the court to take the case under advisement, the court asked the Commonwealth, represented by a different prosecutor, if he had anything to say about the case.[2] He stated that the Commonwealth would rely on the court's decision. The judge concluded, "I'm not going to take it under advisement. So we need to go forward."

The record supports the conclusion that the trial court chose not to take the case under advisement, ruled on the merits, found the appellant guilty of both offenses, and sentenced him. See Harris v. Commonwealth, 63 Va. App. 525, 531, 759 S.E.2d 29, 32 (2014). While it is clear that the appellant asked the court to take the case under advisement and the court was concerned regarding whether it had the authority to do so, it is equally clear that the Commonwealth objected to the court's taking the case under advisement due to the nature of the firearm offense and asked for a ruling on the merits. Had the trial court chosen to base its ruling on the conclusion that it did not

---

[2] The Court of Appeals' decision in Starrs was rendered after the trial court accepted the appellant's *nolo contendere* plea but before the court entered a finding of guilt. The Supreme Court's decision in Starrs was not rendered until after the conclusion of this matter in the trial court. See Starrs, 287 Va. 1, 752 S.E.2d 812 (2014), rev'g 61 Va. App. 39, 733 S.E.2d 142 (2012). In the trial court, the appellant relied on the Supreme Court's decision in Hernandez; on appeal, he relies on the Supreme Court's decision in Starrs.

- 5 -

have the legal authority to take the case under advisement, it could have done so.  It did not.

Instead, it opted *not* to take the case under advisement.

When the judge ultimately stated that he *was not going to take the case under advisement*, the appellant's counsel stood silent.  Consequently, the appellant cannot now complain regarding any lack of clarity in the trial court's ruling as it exists in the record.  Such is the posture of this case on appeal, and nothing in the record refutes the presumption of correctness afforded the trial court's decision.  See Family Redirection Inst., Inc. v. Dep't of Med. Assistance Servs., 61 Va. App. 765, 773, 739 S.E.2d 916, 920-21 (2013) (holding that "an appellate court 'reviews judgments, not statements'" made by the trial court (quoting California v. Rooney, 483 U.S. 307, 311 (1987) (per curiam))); see also Yarborough, 217 Va. at 978, 234 S.E.2d at 291 ("[W]e will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied."); Bassett v. Commonwealth, 13 Va. App. 580, 583-84, 414 S.E.2d 419, 421 (1992) (applying Yarborough to hold that a "trial court's remark is not, in and of itself, 'the full context' simply because it represents the only point at which the court [expressly] addressed the issue [in dispute]"); cf. Pierce v. Commonwealth, 50 Va. App. 609, 616-17 & n.4, 652 S.E.2d 785, 789-90 & n.4 (2007) (holding, under the principle that a judge is presumed to know and properly apply the law absent clear evidence to the contrary, that where the judge improperly admits evidence but then "clearly articulates the reasons for his decision[] and the improper evidence is not among those reasons," the presumption is not overcome and the error is harmless).

Further, nothing in the case law suggests that the trial court's action was improper.  The holdings in Starrs and other recent Supreme Court cases simply stand for the proposition that circuit courts *may* take cases under advisement and defer disposition under a variety of circumstances that are not specifically authorized by the legislature but fall into the category of inherent powers of the

court. These cases, however, do not *require* circuit courts to do so under any specific identified circumstances. See Hernandez, 281 Va. 222, 707 S.E.2d 273; Moreau v. Fuller, 276 Va. 127, 661 S.E.2d 841 (2008). Thus, the option to take the case under advisement remains the decision of the trial court. In this case, where a firearm offense was involved, any confusion aside, the judge chose not to exercise that option.[3]

## III. CONCLUSION

The record does not show that the trial court ruled that it lacked authority to take the case under advisement and defer disposition. Therefore, we affirm the decision of the trial court and remand the case to the court solely for the purpose of correcting various clerical errors in the sentencing order.[4]

Affirmed and remanded with instructions.

---

[3] The appellant does not argue that the trial court's ruling, if it constituted a denial of his request on the merits, was an abuse of discretion.

[4] The sentencing order erroneously references Code § 18.2-308 for the defective equipment violation rather than Code §§ 46.2-1003 and 46.2-1011. It also contains the incorrect Virginia Crime Code number for the equipment violation. Further, the order includes a sentence of ten days in jail, with all time suspended, for the defective equipment offense. This sentence exceeds the trial court's statutory authority since the penalty for this traffic infraction is a fine of up to $250. See Code §§ 18.2-11, 46.2-113. This punishment also appears to stand in contrast to the trial court's pronouncement from the bench.

Consequently, in accordance with Code § 8.01-428(B), we remand solely for entry of an order correcting the listed citation errors and clarifying the action the trial court took at sentencing. See Tatum v. Commonwealth, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994); see also Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) (discussing a court's authority to correct the record to reflect "'judicial action *which has actually been taken* . . . at the proper time,'" as opposed to action "[the court] *might have [taken]*" but did not (emphasis added) (quoting Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956))).

Humphreys, J., concurring in the judgment.

I respectfully differ from my colleague, Judge Decker, in that I do not necessarily conclude that the statement by the trial court that "I'm not going to take it under advisement" constitutes a clear exercise of the discretionary authority our Supreme Court later granted to the courts of the Commonwealth in Starrs v. Commonwealth, 287 Va. 1, 752 S.E.2d 812 (2014), to elect to defer the rendering of judgments.

I share some of the concerns expressed by Judge Alston. Context is important here. The trial court's statement quoted above occurred in the wake of two continuances granted by the court for the sole purpose of researching whether the state of the law in the Commonwealth at that time permitted a court to defer a judgment of guilt in a criminal case where such a deferred finding is not expressly authorized by statute. Moreover, this statement was made immediately after the trial court stated, "I have a problem whether or not I have authority to do it [defer a finding of guilt] after he has entered a plea of no contest." [5] Thus, I agree with Judge Alston that it is not clear that the statement by the trial court was an informed exercise of judicial discretion.

However, I see no need to attempt to resolve the point because, in my view, any error on the part of the trial court that may have existed in this regard would necessarily be harmless as a matter of law.

---

[5] To say that the state of the law on this point as it existed at the time of the hearing in this case was muddled in the wake of In re Commonwealth's Attorney, 265 Va. 313, 576 S.E.2d 458 (2003), Moreau v. Fuller, 276 Va. 127, 661 S.E.2d 841 (2008), and Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), would be an understatement. In Starrs, decided more than a year following the hearing in the instant case and while it was pending appeal in this Court, our Supreme Court considered this question: "Upon accepting a guilty plea and entering it into the record, does a trial court nevertheless retain the inherent authority to withhold a finding of guilt and defer the disposition?" Starrs, 287 Va. at 4, 752 S.E.2d at 814. The Supreme Court answered the question in the affirmative because until the trial court has "entered an order adjudicating guilt, it has not exercised its judicial power to render judgment." Id.

In determining whether non-constitutional harmless error exists, we are guided by Virginia's harmless-error statute, Code § 8.01-678. That statute provides, in pertinent part, as follows:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Code § 8.01-678.

Code § 8.01-678 is applicable in criminal as well as civil cases. See, e.g., Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997). In a criminal case, it is implicit that, in order to determine whether there has been "a fair trial on the merits" and whether "substantial justice has been reached," a reviewing court must decide whether the alleged error substantially influenced the verdict. If it did not, the error is harmless.

In Clay v. Commonwealth, 262 Va. 253, 546 S.E.2d 728 (2001), the Virginia Supreme Court also noted similar language from Kotteakos v. United States, 328 U.S. 750 (1946), in which the Supreme Court of the United States adopted the standard to be applied in determining whether non-constitutional error is harmless under the federal "harmless error statute." That statute, 28 U.S.C. § 2111 (formerly 28 U.S.C. § 391), which is similar in substance to Code § 8.01-678, provides that a reviewing court "shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay, 262 Va. at 260, 546 S.E.2d at 731 (quoting Kotteakos, 328 U.S. at 764-65).

In applying the definition of non-constitutional harmless error found in Code § 8.01-678 and as discussed in Clay and Kotteakos, I conclude that any error on the part of the trial court in connection with deferring a judgment of guilt where no statutory authorization exists to do so, must necessarily be harmless as a matter of law.[6]

In reaching this conclusion, I note that there is no issue that the appellant "received a fair trial on the merits." Indeed, he entered a plea of no contest that, like a guilty plea, is "a self-supplied conviction authorizing imposition of the punishment fixed by law." Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969); see also Hern v. Cox, 212 Va. 644, 646, 186 S.E.2d 85, 87 (1972) (rejecting a habeas corpus petitioner's claim that the record failed to show a conviction because the trial court implicitly accepted and entered the petitioner's guilty plea, as evidenced by the court's imposition of punishment). "The effect of the plea of guilty [or no contest] . . . is a record admission of whatever is well charged in the indictment. . . . It admits all the incriminating facts alleged and the statutory elements of the offense charged." Hobson v. Youell, 177 Va. 906, 912, 15 S.E.2d 76, 78 (1941) (internal quotation marks omitted).

Moreover, while our Supreme Court has held in Starrs that a court has the inherent authority to defer judgment and disposition of a case pending before it, this holding does not grant any substantive rights to a party, including a defendant in a criminal case. While theoretically, this "inherent authority" of a court to decline to render judgments expeditiously in the cases before it can be exercised for any reason or no reason at all, it is most often used to offer the possibility of an acquittal or conviction on a reduced charge, notwithstanding the

---

[6] At oral argument, counsel for the appellant suggested for the first time that the error here was of constitutional dimension by asserting that it violated the due process rights of a defendant if a judge was unaware that he or she had the authority to defer a judgment of guilt. I would decline this novel invitation essentially to hold that ignorance of the law regarding the inherent authority of the court violates due process principles when the result of any lack of knowledge is actually to provide due process through the rendering of a judgment expeditiously according to law and the evidence.

evidence and law to the contrary, as a matter of judicial grace in favor of criminal defendants subjectively deemed by a judge as worthy of the exercise of such grace. However, the announcement by our Supreme Court in Hernandez and Starrs of inherent authority by a court to decline to render an expeditious judgment in accord with the law and the evidence provides no substantive right to any party to require the court to consider doing so. Indeed, when a court defers its judgment, our Supreme Court has held that "requiring a court or judge to enter a certain judgment unquestionably infringes upon the exercise of judicial discretion." In re Commonwealth's Attorney, 265 Va. 313, 319, 576 S.E.2d 458, 462 (2003).

Certainly, a criminal defendant, even one who has entered a plea of guilty, has nothing to lose by seeking what amounts to a judicial pardon inherent in having the court defer the entry of a judgment with a view to ultimately dismissing or reducing the charge. Nevertheless, Starrs cannot be read to confer an obligation by the court to consider doing so. Where no statutory authority exists for such an action, a defendant in a criminal case should only reasonably expect and be entitled to have his or her case decided in accordance with their right to a speedy trial and consistent with both the evidence and the rule of law. Despite the existence of authority for a court to do so, it would be a bizarre twisting of the Starrs holding indeed to conclude that somehow a criminal defendant has a "right" to *not* have his case adjudicated according to law or conversely, has an affirmative "right" to have a judge ignore his or her duty to promptly adjudicate matters according to law where no statute authorizes such a course of action.

In summary, the appellant entered a plea of no contest. Aside from clerical errors in the sentencing order, the judgment entered here reflects a correct application of the law and the evidence and the appellant does not assert otherwise. Deferring entry of a judgment under the conditions present here is purely an act of judicial grace to which the appellant was not entitled as a matter of law. Finally, any effect on the ultimate verdict of any lack of knowledge on the

part of the trial court regarding its authority to defer the entry of judgment must necessarily be speculative. The record before us clearly reflects that all of the principles of law and procedure relevant to reaching a verdict on the charges in this case were applied correctly, and we can hardly presume that the trial court would have ultimately entered a judgment of acquittal despite the plea, the law, and the evidence to the contrary. Given the foregoing, assuming without deciding that the trial court here mistakenly concluded that it lacked the authority to defer a judgment of guilt notwithstanding a plea of no contest, I conclude that the appellant clearly "had a fair trial on the merits." Moreover, these points also compel the conclusion that "substantial justice has been reached."[7]

For these reasons, I do agree with my colleagues that the decision of the trial court in this case to decline to defer judgment must be affirmed.[8]

---

[7] Like beauty, "justice" is often in the eye of the beholder. Litigants who fail to prevail rarely conclude that justice was done. However, though not defined by the statute, the term "substantial justice" is not a subjective concept. Giving it its plain and ordinary meaning, as we must, it is "justice fairly administered according to rules of substantive law, regardless of any procedural errors not affecting the litigant's substantive rights," Black's Law Dictionary 996 (10th ed. 2014). In other words, it is simply compliance with the substantive principles of the law.

[8] I also agree that the case must be remanded for the correction of the errors in the sentencing order.

Alston, J., concurring in the judgment.

I write separately not necessarily to disagree with my colleagues; they make excellent points in their respective opinions, but rather to express a concern that I have in light of the issues raised in this case and many like it.

Suffice it to say that both trial courts and this Court have struggled with the challenges raised by the Virginia Supreme Court's decisions in Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), and more recently in Starrs v. Commonwealth, 287 Va. 1, 752 S.E.2d 812 (2014). For me it is now the (relatively) clear direction of the majorities in both Hernandez and Starrs that until the trial court has "entered an order adjudicating guilt, it has not exercised its judicial power to render judgment." Starrs, 287 Va. at 14, 752 S.E.2d at 820. Thus, it follows that a trial court, whether there is a statutory predicate or not, may defer disposition of a case pending some future event. The healthy dialogue between the majority and dissent in these cases highlights the debatable points raised by this issue, but until other direction, Hernandez and Starrs remain our primary guiding principles.

In the instant case, the trial judge engaged in a very deliberate and measured consideration of what he could or could not do regarding a request to defer disposition in a delicate matter pertaining to the adjudication of a gun charge involving a young man with no criminal record. My good colleague writing the primary opinion comes to the conclusion that the trial judge chose "on the merits" of the request to deny the motion to defer disposition. Analytically, the primary opinion is very sound and comprehensive. Where I humbly diverge from the perspective of this opinion is that I find the deliberation of the trial judge in the matter less clear. For me, quite frankly, I cannot say with any degree of considered certainty from what *perspective* the trial judge was ruling. When read in context, one might say that the trial judge must have decided that he did not have the authority to defer disposition. When viewed from the

- 13 -

foundation of three days of hearings pertaining nearly exclusively to the subject of the application of Hernandez, the trial court's ultimate statement adjudicating the matter is not an "isolated statement[] of the trial judge taken out of the full context in which [it was] made[.]" Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

My equally learned colleague writing the concurrence comes to the conclusion that, assuming without deciding the trial judge erred in light of Starrs (which had not been issued at the time the trial court made its decision) when it determined that it did not have authority to defer disposition, that abstract assumed error was nonetheless non-constitutional harmless error. While providing an interesting analytical framework, I cannot in the context of this case fully subscribe to a harmless error analysis.[9]

The concurring opinion suggests that it is immaterial whether the trial judge wanted to defer disposition but concluded that it could not. This is where the harmless error analysis in this matter is not as tidy as would be hoped. Clearly the result would *not* have been the same if the trial court wanted to defer disposition but concluded that it could not because under those circumstances, the trial court would have granted the deferred disposition had it not understandably, though erroneously, determined that it had no such authority to do so.

---

[9] Under a non-constitutional harmless error analysis:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)). Thus, the test for harmless error essentially is that the result would have been the same notwithstanding the error committed by the trial court.

Accordingly, it cannot be said that the judgment was "not substantially swayed by the error." Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 732 (2001). Stated another way; in my view, the non-constitutional harmless error analysis might theoretically apply in *some* case but cannot apply if *in this case* the trial court wanted to defer disposition but thought that it could not.

So where does that leave me in the disposition of the matter? I will simply say that I concur in the result reached by the primary opinion. The trial judge's ultimate ruling was clear on its face. The trial judge said, "I will not defer disposition." Unchecked by adherence to the standards of appellate review, my instincts might nudge me in the direction appellant seeks. But I cannot add to, subtract from, modify, nor adapt these five words to mean something else on the facts before me. Under Rule 5A:8 the party alleging error has the critical burden to show through the record that the alleged error occurred. That burden has not been met here. I concur in the result advanced in the primary opinion.