COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Athey
Argued at Norfolk, Virginia

UNPUBLISHED

MARQUIS JEROME FORE

                                   MEMORANDUM OPINION[*] BY
v.       Record No. 0114-23-1        JUDGE CLIFFORD L. ATHEY, JR.
                                           JULY 23, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


On February 3, 2020, Marquis Jerome Fore ("Fore") entered into a plea agreement in the

Circuit Court of the City of Norfolk ("trial court"). Pursuant to the terms of the plea agreement,

Fore pled guilty to one count of indecent liberties with a child, and in exchange for his guilty plea,

the case was taken under advisement. Consistent with the terms of the plea agreement, the trial

court ordered that he comply with certain specific conditions. If Fore complied with these

conditions, he was to be convicted of the lesser offense of sexual battery. The trial court also set a

date for him to return for the trial court to review Fore's compliance with the terms and conditions

contained within the plea agreement and for sentencing. Prior to his return date, the trial court

continued Fore's case to allow Fore an additional six months to complete the sex offender

treatment. When Fore failed to complete the sex offender treatment after the additional six-month

period, the trial court found that Fore had not complied with the sex offender treatment condition

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

within the plea agreement, and therefore had failed to fully comply with the terms of his plea agreement. As a result, the trial court found Fore guilty of taking indecent liberties with a child in violation of Code § 18.2-370 and sentenced him to three years of incarceration with one year and ten months suspended. On appeal, Fore contends that the trial court abused its discretion by finding that he had failed to comply with the terms and conditions of the plea agreement and by finding him guilty of the felony offense of taking indecent liberties with a child. For the following reasons, we affirm the trial court's holding.

## I. BACKGROUND

The facts stipulated below include that Fore was residing with his girlfriend and her fourteen-year-old daughter (the "victim"). "While [the victim] was sleeping, she felt someone rubbing and lightly grabbing her buttocks. The victim thought she was dreaming until she felt her pants starting to be pulled down." The victim then saw Fore leave her room and enter the bathroom. The abuse occurred in early morning "during the time that [Fore] normally wakes up to go to work."

Based on the terms of a written plea agreement and certain stipulated evidence, Fore pled guilty to taking indecent liberties with a child in violation of Code § 18.2-370. The terms of the plea agreement stated that if Fore "[wa]s entirely compliant" he would instead be found guilty of the amended charge of sexual battery in violation of Code § 18.2-67.4. However, the plea agreement provided, in part, that if Fore was "not fully compliant, [Fore] shall be found guilty of Indecent Liberties with Children and sentenced by the court without any agreement" as to the sentence. The trial court, after accepting Fore's guilty plea conditioned on the terms of the plea agreement, stated that it "hereby defers a finding of guilt and takes the matter under advisement and defers sentencing until a sentencing hearing is held." The trial court then entered an order that accepted the plea agreement and set a review date for compliance with the terms of the plea agreement. The order also recited the applicable conditions within the plea agreement and further required that "[t]he

defendant shall be of uniform good behavior during this period, [have] no contact with the victim []

and her family, undergo a Psycho-Sexual Evaluation and complete treatment if necessary." The

trial court entered a separate order requiring Fore to "be evaluated" by Alana Hollings ("Hollings"),

and requiring that Hollings "shall report [her] findings to the Court" and that said "report shall

include guidelines to aid the Court in determining the disposition of this case."

Fore completed the psycho-sexual evaluation with Hollings on June 1, 2021. Probation and

Parole received Hollings's evaluation in the form of a written report on September 21, 2021.

Hollings's report contained a list of "recommendations" as follows: (1) "it is recommended he have

a full-disclosure polygraph" as well as "[r]outine maintenance polygraphs . . . every six months";

(2) "it is recommended he attend sex offender group treatment facilitated by a Certified Sex

Offender Treatment Provider" and that "[t]reatment should utilize cognitive behavioral and

approaches from the Good Lives Model"; (3) "[i]t is recommended Mr. Fore does not live in a

home with minor children"; (4) "[i]t is recommended Mr. Fore complete anger management

classes"; (5) "[i]t is recommended Mr. Fore abstain from consuming alcohol and using illicit drugs.

Random drug screens are suggested as a condition of his probation"; (6) "[i]t is recommended

Mr. Fore does not view any type of pornography as this can promote deviant sexual fantasies,

interests, and behaviors."

Consistent with the recommendations arising from the psycho-sexual evaluation, Fore began

the sex offender treatment program which was conducted initially by telehealth. However, Fore

was later terminated before completing the sex offender treatment program due to his excessive

absences.[1] His case was continued from the original sentencing date of February 4, 2022, to August

23, 2022. He was placed back into the sex offender treatment program in March of 2022. Although

---

[1] These excessive absences were allegedly due to his broken phone. During this time, the payments for the treatment program were being covered by probation.

the sex offender treatment was conducted in person, Fore was again terminated from his second opportunity to complete the program, once again due to excessive absences.[2]

On August 23, 2022, the trial court held a hearing to review Fore's compliance with the terms and conditions of the plea agreement. At the hearing, Senior Probation Officer Christopher Newton ("Officer Newton") testified concerning Fore's compliance that "[h]e was referred based off of his psychosexual" and that "[t]he recommendation was for him to complete sex offender group treatment." Officer Newton also testified that Fore's excessive absences led to his termination from the sex offender treatment before completion as required by the plea agreement. He further elaborated on the chain of events which led to Fore's initial discharge from the treatment program as well as Fore's reenrollment in the program after the case had been continued from the previous February. Finally, he confirmed Fore's failure to attend treatment even after he was re-referred to the program.

Pursuant to the terms of the plea agreement, the trial court ultimately convicted Fore of taking indecent liberties with a child because Fore had failed to comply with the condition that he "complete treatment" as required by the plea agreement. Later, at the sentencing hearing held on December 22, 2022, Fore moved to vacate the trial court's finding of guilt, arguing that "the plain language" of the plea agreement was "to complete treatment, if necessary" and that "[t]here has been no testimony from anybody that this was necessary." The trial court denied the motion and sentenced Fore to three years' incarceration with one year and ten months suspended. Fore appealed.

---

[2] Fore claimed that these absences were owed to the fact that his credit card was declined when he arrived to one of the classes and was denied entry because he could not pay.

II. ANALYSIS

A. *Standard of Review*

"[T]he issue on review of a revocation is 'simply whether there has been an abuse of discretion.'" *Connelly v. Commonwealth*, 14 Va. App. 888, 890 (1992) (quoting *Marshall v. Commonwealth*, 202 Va. 217, 221 (1960)). In assessing "whether a trial court abused its discretion . . . 'we do not substitute our judgment for that of the trial court. Rather we consider only whether the record fairly supports the trial court's action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)). "[T]he circuit court ha[s] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition, subject to such lawful conditions as the court might prescribe." *Hernandez v. Commonwealth*, 281 Va. 222, 226 (2011); *see also Starrs v. Commonwealth*, 287 Va. 1, 7 (2014). Following entry of an order deferring disposition, the trial court "retain[s] its full authority to independently evaluate the defendant's compliance with its earlier order." *Connelly*, 14 Va. App. at 890. "The very essence of adjudication and entry of judgment involves the discretionary power of the court." *Starrs*, 287 Va. at 8 (quoting *Moreau v. Commonwealth*, 276 Va., 127, 138 (2008)). Then "[i]t is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).[3]

B. *The trial court did not abuse its discretion when it found Fore guilty of the felony offense of indecent liberties with a child in violation of Code § 18.2-370.*

Fore argues that the trial court abused its discretion in "revoking the finding under advisement" and convicting Fore of the felony offense. Fore insists that the "issue to be resolved is

---

[3] Code § 19.2-298.02 is now the statutory authority for deferred disposition in criminal cases. This statute was not effective when the trial court entered its order deferring its finding of guilt, and thus the deferred disposition was valid under *Hernandez* and its progeny.

what was specifically required of the Appellant by the terms of the plea agreement and the order entered at the time of the deferment." Specifically, he argues that because the results of the psychosexual evaluation only *recommended* sex offender group therapy, that it was not "necessary" under the order, and that he thus did not violate a condition.[4] We disagree and find that the trial court did not abuse its discretion in convicting Fore of the felony offense.[5]

"[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law." *Starrs*, 287 Va. at 10 (quoting *Kilbert v. Commonwealth*, 216 Va. 660, 664 (1976)). A guilty plea has the effect of "a record admission of whatever is well charged in the indictment . . . . It admits all the criminating facts alleged and the statutory elements of the offense charged." *Id.* at 10-11 (alteration in original) (quoting *Hobson v. Youell*, 177 Va. 906, 912 (1941)). "[T]he firmly established law of this Commonwealth [is] that a trial court speaks only through its written orders." *Kosko v. Ramser*, 299 Va. 684, 689 (2021) (quoting *Davis v. Mullins*, 251 Va. 141, 148 (1996)).

---

[4] Here, Fore acknowledges that he was "in complete compliance with the terms of the order save for the exception of the condition of treatment." Fore then argues that because the evaluator made only "recommendations" that these were not "necessary" because the trial court did not make a determination as to the "necessity" of the sex offender treatment. Further, while Fore argues for a de novo review of the plea agreement, he provides no further statements of law supporting this specific line of argument. *See* Rule 5A:20. "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)).

[5] Fore argues on brief that (1) "[t]o the extent the probation officer undertook to direct [Fore] to attend any treatment . . . such direction constituted an ultra vires command" and (2) "the order did not assign responsibility for a determination of the necessity for treatment" to Hollings. He further argues that (3) the recommendation made pursuant to the psychosexual evaluation was based "solely on the evaluator's mistaken belief that [Fore] had been convicted of the felony allegation," and also (4) "that the trial judge who heard the evidence concerning the compliance with the terms of the plea agreement" and deferral order "was hostile to the terms of the plea agreement accepted by the original judge." Fore argues that in light of this, "the judge felt compelled to convict" Fore. Fore did not make any of these four arguments in the trial court, thus Rule 5A:18 bars our consideration of these arguments on appeal. *See* Rule 5A:18.

The deferral order required Fore to undergo a psychosexual evaluation and "complete treatment, if necessary." This was one of the required conditions imposed via the trial court's order for Fore to complete in accordance with the deferred disposition of his case. The trial court by separate order further required the psychosexual evaluation to be completed by Hollings, "that [Hollings] shall report [her] findings to the Court," and that the "report shall include guidelines to aid the Court in determining the disposition of this case." The psychosexual evaluation was completed on June 1, 2021, and Hollings stated that "[a]s a result of Mr. Fore's conviction, it is recommended he attend sex offender group treatment facilitated by a Certified Sex Offender Treatment Provider." Taken together, the trial court's deferral order and its order requiring Fore to complete the "psycho-sexual evaluation" established the basis for determining what "treatment" may be "necessary" following the psychosexual evaluation.

At the August 3, 2022 hearing, the trial court heard evidence related to Fore's attempts to "complete treatment." The trial court noted that "[t]he plea agreement doesn't say he's going to make his best efforts to complete." But that the agreement "said he will complete it." There was evidence that he had absences which terminated his engagement in the program and that the trial court later continued his case to allow him entry into the treatment program once more. Fore argues that there was no way for him to "complete" the treatment, even if the treatment recommendation was necessary, due to time constraints.[6] However, at issue is not whether Fore had enough time to complete the treatment, but whether he completed it at all. Fore concedes on brief that he "was in complete compliance with the terms of the order save for the exception of the condition of treatment." Based on the facts presented showing that Fore failed to complete the treatment, the trial court noted that "I have to find him guilty. He hasn't fulfilled the terms of the plea agreement."

---

[6] Officer Newton's letter to the trial court, filed in January of 2022, reported that "Sex Offender Group Treatment can take anywhere from 12-18 months to complete. The completion time depends upon the level of participation by the Offender."

Based on the above reasoning, the trial court did not abuse its discretion in revoking the deferred disposition. Fore acknowledged that the "treatment" condition had not been met, and the trial court found that because the conditions in the plea agreement were not met, that it could revoke the deferred disposition and find Fore guilty of taking indecent liberties with a child. The trial court had available to it all the necessary information to reach a conviction of guilt. Furthermore, because Fore pled guilty to the offense that he was convicted of, and the trial court put conditions on the finding of guilt, the trial court did not need to receive further evidence to ultimately convict Fore for the offense he pled guilty to. *See Hobson*, 177 Va. at 912-13.

## III. CONCLUSION

For the above reasons, we affirm the finding of the trial court.

*Affirmed.*